**In re Daniel George BAKER f/d/b/a DBI Enterprises and Lois Lorrine Baker, Debtor.**

**Robert Carl ANTHONY, Plaintiff,**

**v.**

**Daniel George BAKER, individually and as the Deputy Sheriff of the County of El Paso, Colorado, Defendant.**

Civ. A. No. 87–C–1611.

United States District Court, D. Colorado.

April 27, 1988.

Alan J. Harper, Denver, Colo., Elvin Gentry, Colorado Springs, Colo., for plaintiff.

Phillip A. Vaglica, Frank A. Natchez, Colorado Springs, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

This matter is before the court on plaintiff Robert Carl Anthony's motion for withdrawal of reference of an adversary action filed in the United States Bankruptcy Court for the District of Colorado. Jurisdiction is alleged to exist under 28 U.S.C. §§ 157(b)(5), 157(d), and 1334(a).

The facts surrounding this case were stated by the court in *Anthony v. Baker*, 767 F.2d 657 (10th Cir.1985): Plaintiff was employed as the general manager of the Springs Motor Inn ("Inn") in Colorado Springs, Colorado, when a serious fire caused substantial damage to the Inn in September 1980. On the morning of the fire, the defendant Dan Baker, a detective in the El Paso County Sheriff's Department, conducted a fire scene investigation. From his investigation he determined that the fire had been set to obtain money through insurance fraud.

On April 2, 1981, Anthony was indicted by an El Paso County Grand Jury for felony theft based on insurance fraud. The indictment was returned after the Grand Jury, during six sessions, heard the testimony of over twenty witnesses, including Anthony and Baker. Although El Paso County District Court Judge David Parrish concluded that the Grand Jury had probable cause to indict Anthony, he nevertheless dismissed the indictment upon determining " 'that not all of the nine jurors who had voted for the indictment had been present at all the sessions where the evidence was presented.' " 767 F.2d at 659 (*citing* App. Rec. Vol. VIII at 14).

Immediately thereafter, the district attorney's office for the Fourth Judicial District of Colorado filed a direct information charging Anthony with felony theft based on insurance fraud. Following a preliminary hearing, Judge Parrish found probable cause and bound Anthony over for trial. After trial to the court, Anthony was found not guilty. At no time did the insurance companies that paid the fire insurance claims for the Inn file formal written complaints for fraud.

Plaintiff Anthony then filed an action under 42 U.S.C. § 1983 against Baker and others for malicious prosecution and deprivation of his constitutional rights. Anthony alleged, among other things, that Baker and Newton conspired to deprive him of his constitutional rights by: (1) making him the target of their investigation; (2) giving false information to the Grand Jury; (3) and covering up exculpatory information.

Prior to trial, Judge John P. Moore, then of this court, denied Baker's and Newton's motion to dismiss, or in the alternative for summary judgment. The court, however, granted their motion for a directed verdict after Baker had presented his case. Among other things, the court concluded that: (1) Baker's conduct was more properly described as negligent, and not malicious; (2) none of the witnesses testified or even suggested that Baker was motivated by malice with the intent to deprive Anthony of a federally guaranteed right; (3) Anthony did not meet his burden of establishing that Baker was motivated by a specific intent to deprive him of a federally guaranteed right to due process; and (4) police officers are immune from liability for conduct performed within the scope of their official duties unless the plaintiff shows that the official knew or should have known that his actions violated of established constitutional or statutory principles. The court also awarded the defendants their attorneys' fees.[1]

---

1. The district court also determined that under no circumstances could the jury infer from the facts presented any basis that would allow recovery by the plaintiff. Additionally, the court noted that under § 1983 the acts of law enforcement officials leading to prosecution in state court can only be the basis of recovery when it clearly appears that those actions were taken with the intent to deprive the plaintiff of the valid exercise of a constitutional right or a clearly defined right under federal law. It reasoned that it is only when police officers or

On appeal, the Tenth Circuit Court of Appeals reversed in part and remanded in part. It held that the trial record contained sufficient evidence from which the jury could find that Baker's methods in carrying out his investigation of Anthony constituted egregious conduct so as to deprive him of qualified immunity. The court stated that it did "not agree with the district court's finding that the record does not suggest by hint or indirection that Baker was motivated by malice and that Baker was entitled to immunity...." 767 F.2d at 657. The court of appeals remanded to this court.

Included in the remanded case are the plaintiff's civil rights claims against Baker and Anthony (Civil Action No. 82–C–1025). Those claims currently are pending in this court, and a jury trial has been demanded. However, by order dated July 27, 1987, I enforced indefinitely the automatic stay required by 11 U.S.C. § 362.

On October 23, 1987, the plaintiff filed a complaint for an adversary proceeding in the bankruptcy court to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(6), and § 523(c). Three days later, the plaintiff filed the currently pending motion to withdraw reference.

The Supreme Court, in *Northern Pipeline Construction Corp. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), recognized constitutional limits on Congress to assign certain adjudicative authority to non-Article III judges, such as federal bankruptcy judges. That decision held the then existing bankruptcy court powers unconstitutional. *Burger King Corp. v. B–K of Kansas, Inc.*, 64 B.R. 728, 730 (D.Kan.1986). In 1984 Congress responded to *Marathon* by granting to federal district courts original jurisdiction over all cases arising under title 11 of the Bankruptcy Code. *See* 28 U.S.C. § 1334(b). District courts are permitted, however, to refer bankruptcy cases to the bankruptcy court. 28 U.S.C. § 157(a). Upon proper showing, however,

that reference either may or must be withdrawn, depending on the circumstances.

Plaintiff contends that withdrawal of reference of the plaintiff's claims against Baker is mandated under both 28 U.S.C. § 157(b)(5), and 28 U.S.C. § 157(d). The parties have briefed the issues and oral argument would not materially assist my decision.

### *28 U.S.C. § 157(b)(5).*

Section 157(b)(5) provides:

"The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

*See In re UNR Industries, Inc.*, 45 B.R. 322 (N.D.Ill.1984) (section 157(b)(5) required that asbestos claims against debtor be tried in district court rather than bankruptcy court).

Plaintiff argues that withdrawal is mandatory under § 157(b)(5) because his complaint filed in Civil Action 82–C–1025 alleges that the debtor/defendant is liable under § 1983 for the personal injury tort of malicious prosecution. Plaintiff obviously has alleged a personal injury tort. Therefore withdrawal appears mandatory under § 157(b)(5).

Notably, however, I am unaware of any case decided under § 157(b)(5) where the personal injury tort was alleged within a § 1983 claim. Yet I need not address the issue of whether § 157(b)(5) applies to personal injury torts pleaded under § 1983 because as discussed below, *infra,* I conclude that withdrawal of reference to the bankruptcy court is mandatory under § 157(d).

### *28 U.S.C. § 157(d).*

Section 157(d) permits the district court to withdraw its reference of the case if the

---

others with prosecutorial authority act maliciously or recklessly for the purpose of depriving an individual of a federally protected right

that those officers or prosecutorial officials are culpable.

matter involves law that should or must be adjudicated by an Article III court. *Burger King,* at 730. Specifically, § 157(d) states:

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 ... and other laws of the United States regulating organizations or activities affecting interstate commerce."

█ Section 157(d) provides for both permissive and mandatory withdrawal. The district court must withdraw a proceeding whose resolution will require considering both Title 11 *and* other federal law other than the Bankruptcy Code. *Burger King, supra,* 64 B.R. at 731.[2]

Much dispute has arisen from the interpretation of the § 157(d) mandatory withdrawal clause. As noted by one court: "The first area of dispute concerns whether the requirement that the proceeding involve consideration of both title 11 and non-Code federal law should be read literally. One theory suggests that withdrawal is mandatory when resolution of the claims will require substantial and material claims of non-bankruptcy code statutes.... The second theory holds that the statute should be literally translated, *i.e.,* mandatory withdrawal is required only when resolution of the proceeding requires consideration of *both* title 11 and non-Code federal law." *Burger King, supra,* at 731 (emphasis in original; citations omitted).

In *In re White Motor Corp.,* 42 B.R. 693, 705 (N.D.Ohio 1984), the court held that

mandatory withdrawal of reference is required "only if the [district court] can make an affirmative determination that resolution of the claims will require *substantial* and *material* considerations of those non-Code statutes." (Emphasis added.)

The court in *Holland America Insurance Co. v. Succession of Roy,* 777 F.2d 992 (5th Cir.1985), considered the following factors in determining the issue of withdrawal of reference under § 157(d): (1) whether the case only involves state law; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) reduction of forum shopping; (5) economical use of debtor's and creditors' resources; (6) expediting the bankruptcy process; and (7) whether or not a jury trial has been requested.

In *Michigan Milk Producers Association v. Hunter,* 46 B.R. 214 (N.D.Ohio 1985), the plaintiff filed in bankruptcy court an adversary complaint against the trustee to determine its rights as a secured creditor. The trustee counterclaimed, alleging that an agreement between the plaintiff and the debtor violated the Sherman Anti-Trust Act, 15 U.S.C. § 1. Subsequently, the trustee filed a motion for withdrawal of reference. The district court granted the motion, reasoning that resolution of the proceedings would require substantial and material consideration of federal antitrust law, as well as the plaintiff's rights as a secured creditor, and thus, "resolution of the instant adversary proceeding would require consideration of both Title 11 and non-bankruptcy federal statutes regulating organizations or activities affecting interstate commerce." *Id.* at 216.

In the present action the plaintiff contends that withdrawal is mandatory under § 157(d) because resolution of his claim against the debtor/defendant will require

---

**2.** The district court *may* withdraw the entire case from the bankruptcy court for "cause shown." 28 U.S.C. § 157(d). In *DeLorean Motor Co. v. Allard,* 49 B.R. 900, 912 (Bankr.E.D. Mich.1985), the court stated that the "cause shown" test "is, to be sure, an amorphous test. It is a chameleon within the legal lexicon whose definition is created by its application." The court further observed that use of the phrase "cause shown" in § 157(d):

"[C]reates a presumption that Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy court unless rebutted by a contravening policy. The presumption may be overcome only by an overriding interest based on a finding by the court that the withdrawal of reference is *essential* to preserve a higher interest than that recognized by Congress and is narrowly tailored to serve that interest." 49 B.R. at 912 (emphasis in original) (citation omitted).

substantial and material consideration of: (1) dischargeability issues under title 11; and (2) issues of federal law under 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution.[3]

■ The complaint in the adversary proceeding filed in bankruptcy court avers that the defendant's debt to the plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6), and § 523(c). Section 523(a)(6) declares that a debtor may not receive a discharge from any debt for willful or malicious injury by the debtor to another entity or to the property of another entity.[4] In order to fall within this exception to discharge, the injury to the entity or the property must have been willful and malicious. "Willful" means "deliberate or intentional." 3 *Collier on Bankruptcy* § 523.16 (15th ed.); *In re Louis*, 49 B.R. 135, 137 (Bankr.E.D.Wis.1985). A showing of willfulness requires more than proof of inadvertence or negligence, and no longer may be satisfied by merely proving "reckless disregard." *Id.*

■ By asserting a claim pursuant to 42 U.S.C. § 1983, the plaintiff has alleged a claim that requires consideration of a federal statute other than the Bankruptcy Code. The legislative history behind § 157(d) clearly supports this view. For example, the following colloquy occurred during the House debate on the final version of § 157(d):

"Mr. KRAMER:

\*    \*    \*    \*    \*    \*

My question is this: The language 'activities affecting interstate commerce' is very broad language. What kinds of situations or circumstances does the gentlemen intend to cover here? Or will this language become an escape hatch through which most bankruptcy matters will be removed to a district court?

Mr. KASTENMEIER:

I thank the gentleman for his question.

This language is to be construed narrowly. It would, for example, mean related cases which may require consideration of both title 11 issues and other Federal laws including cases involving the National Labor Relations Act, *civil rights laws*, Securities and Exchange Act of 1934, and similar laws." 130 Cong. Rec. H1849–50 (daily ed. March 21, 1984) (emphasis added).

In sum, the plaintiff asserts that the debtor/defendant maliciously prosecuted him in violation of § 1983, and that the debtor/defendant's liability is not dischargeable in bankruptcy. Clearly, resolution of the plaintiff's claims against Baker will require substantial consideration of both 11 U.S.C. § 523(a)(6) and 42 U.S.C. § 1983. Thus withdrawal of reference is mandatory under 28 U.S.C. § 157(d).

■ Defendant argues that withdrawal of reference would interfere with the stay ordered in Civil Action No. 82–C–1025. In *UNR Industries, supra,* 45 B.R. 322, the federal court for the Northern District of Illinois disagreed with the debtor's contention that the § 362 stay was applicable to § 157(b)(5). The court stated:

"If Congress enacts a statute which, though not referring to the automatic stay section, can only be carried out by lifting that stay then the Court's duty would be to lift the stay and give effect to the statute." *Id.* at 325.

It further reasoned that adopting the debtor's argument would render § 157(b)(5) superfluous because that section "could not be enforced until bankruptcy proceedings were concluded," and therefore the section "would no longer be necessary since the stay would have ended and the bankruptcy court would no longer have the power to

---

3. Plaintiff additionally contends that permissive withdrawal should be allowed under § 157(d). *See* note 2, *supra.* I do not address this issue, however, because of my determination that withdrawal of the reference is mandatory.

4. Section 523(c), 11 U.S.C., states:
"Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged

from a debt of a kind specified in paragraph (2), (4) or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4) or (6), as the case may be, of subsection (a) of this section."

hold trials relating to the concluded case." *Id.* at 325–26.

Notably, § 157(d), like § 157(b)(5), does not mention the automatic stay provision of 11 U.S.C. § 362. I conclude that the reasoning of the court in *UNR Industries* also applies to claims withdrawn pursuant to § 157(d), and is persuasive in this case. Thus the stay imposed in Civil Action No. 82–C–1025 does not prohibit withdrawal of reference of the plaintiff's adversary action. Nor does it prevent the plaintiff from proceeding with his action against the defendant in this court.

Accordingly, IT IS ORDERED that:

(1) Plaintiff's motion to withdraw reference to the bankruptcy court is granted;

(2) The reference to the bankruptcy court of the plaintiff's adversary proceeding against the debtor in Bankruptcy Case No. 87 B 08358 is withdrawn;

(3) The automatic stay of Civil Case No. 82–C–1025 is lifted;

(4) This action shall be consolidated with Civil Action No. 82–C–1025 for all purposes; and

(5) The consolidated cases shall proceed in this court.