In re Dale T. LENARD, Debtor.

UNITED STATES of America, Plaintiff,

v.

Dale T. LENARD, Defendant.

Civ. A. No. 90–K–1318.
Bankruptcy No. 89 B 16057 A.
Adv. No. 90 J 0351.

United States District Court,
D. Colorado.

Feb. 20, 1991.

David A. Levitt, Office of Consumer Litigation, Civ. Div., Dept. of Justice, Joseph J. Koman, Washington, D.C., for the Government.

F. Kelly Smith, Denver, Colo., for Dale Lenard.

ORDER ON MOTION TO WITHDRAW
THE REFERENCE

KANE, Senior District Judge.

The debtor, Dale T. Lenard, filed for bankruptcy protection on January 16, 1990.

On May 3, 1990, the United States of America initiated an adversary proceeding against Lenard under §§ 523 and 727 of the Bankruptcy Code. The government is a contingent, unliquidated creditor of the estate. Its claim relates to an action commenced in the Southern District of Iowa (the "Iowa action") against Lenard and other defendants seeking civil penalties and injunctive relief for alleged violations of the Federal Trade Commission Act, 15 U.S.C. §§ 41–58 (the "FTC Act") and other laws. The government's adversary complaint seeks to have any debt arising out of the Iowa action declared non-dischargeable under §§ 523(a)(2)(a), 523(a)(6) and 523(a)(7) of the Code and to deny Lenard a general discharge in bankruptcy under § 727(a) of the Code for activities both related and unrelated to the Iowa action.

On July 2, 1990, Lenard filed a motion to withdraw the reference of the above adversary proceeding. Lenard argues that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d), which provides that the district court must withdraw the reference if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Alternatively, Lenard suggests that discretionary withdrawal of the reference is appropriate to conserve judicial resources. The government argues against withdrawal of the reference on either ground.

Although a literal reading of § 157(d) suggests otherwise, the legislative history of this section reveals that it is to be interpreted narrowly. *See Anthony v. Baker (In re Baker)*, 86 B.R. 234, 238 (D.Colo. 1988); *In re Baldwin–United Corp.*, 57 B.R. 751, 756 (S.D.Ohio 1985). Accordingly, under case law construing the mandatory withdrawal language of § 157(d), "mandatory withdrawal of the reference is required 'only if the [district court] can make an affirmative determination that resolution of the claims will require *substantial* and *material* considerations of those non-Code statutes." *In re Baker*, 86 B.R. at 237 (citing *In re White Motor Corp.*, 42

B.R. 693, 705 (N.D.Ohio 1984) (emphasis added)).

In construing this phrase courts have held substantial and material consideration arises when a determination of issues requires "significant *interpretation* of federal law that congress would have intended to have decided by a district judge rather than a bankruptcy judge," or where issues arising under non-title 11 laws dominated those arising under title 11 withdrawal of the reference may be mandated. Section 157(d) should be construed narrowly and not become an "escape hatch" through which bankruptcy matters will be removed to the district court. A distinction must be made between proceedings which require the court to make a "significant *interpretation*" of a federal statute as opposed to making an insignificant interpretation or merely *applying* the law to the facts. If the court is only required to do the latter, then mandatory withdrawal is not warranted.

*In re Texaco, Inc.*, 84 B.R. 911, 921–22 (S.D.N.Y.1988) (citations omitted).

Lenard argues that the government's adversary proceeding will require substantial and material consideration of the FTC Act. I disagree. This case is nearly indistinguishable from *In re Baldwin United Corp.*, 57 B.R. at 751. In that case, the debtor sought withdrawal of the reference as to certain contingent, unliquidated claims filed by creditors who had been named as defendants in multidistrict litigation in another state. The creditors' claims were for indemnification and contribution from the debtor should the creditors incur liability in the multidistrict litigation. Rejecting the debtor's argument that mandatory withdrawal was required because resolution of the claims turned on the interpretation of federal securities and racketeering laws, the court reasoned:

Baldwin's liability to claimants will, of course, ultimately turn on some consideration of federal law. But the determination of that liability will not be decided by the bankruptcy court. That issue will ultimately and appropriately be determined by a district court, probably in

[the multidistrict litigation]. The decision of whether to allow claimants' claims in bankruptcy court, however, will not necessarily require consideration of other federal laws. Rather, the bankruptcy court will determine whether the claims are allowable by reference to 11 U.S.C. § 502(b) and general principles of law construing that section.

*Id.* at 757–58.

Although this case involves the government's objections to discharge under §§ 523 and 727 and not the allowance of claims under § 502, the principles are the same. Lenard's liability to the government on its FTC Act claims will be determined ultimately by the district court in Iowa. The issue in this proceeding is whether the debtor should be denied a discharge of these claims under § 523 and a general discharge under § 727. While consideration of the FTC Act may be involved tangentially, the central issues concern the straightforward application of Bankruptcy Code provisions. Accordingly, mandatory withdrawal of the reference is not warranted.

For similar reasons, permissive withdrawal of the reference is likewise unjustified. No substantial judicial resources will be saved because the issues in the Iowa action and this adversary proceeding are distinct. Moreover, since objections to the discharge of particular debts and to a general discharge are core proceedings, *see* 28 U.S.C. § 157(b)(2)(I), (J), "the interests of the parties and the public will be best served if decisions involving the core bankruptcy proceedings are made by the judge whose particular expertise will ensure the correct result." *Id.* at 759. The motion to withdraw the reference is DENIED.