In re WESTMORELAND COAL COMPANY, et al., Debtors.

TRUSTEES OF THE UNITED MINE WORKERS OF AMERICA COMBINED BENEFIT FUND, Movants,

v.

WESTMORELAND COAL COMPANY, Westmoreland Coal Sales Company, Inc., Westmoreland Energy, Inc., Westmoreland Resources, Inc., Westmoreland Terminal Company, Respondents.

Civ.A. No. 97–K–2589.
Bankruptcy No. 96–26092 MSK.

United States District Court,
D. Colorado.

June 1, 1998.

Gary M. Ford, Lincoln Weed, Groom & Nordberg, Chartered, David W. Allen, Brian H. Benjet, UMWA Health & Retirement Funds, Washington, DC, Paul D. Rubner, Joan B. Burleson, Rubner & Kutner, P.C., Denver, CO, for Movants.

## ORDER DENYING MOTION TO WITHDRAW REFERENCE

KANE, District Judge.

On October 31, 1997, the Trustees of the United Mine Workers of America (UMWA) Combined Benefit Fund (the "Fund") filed a motion in bankruptcy court seeking an order requiring the debtors in these cases (hereafter "Westmoreland") to pay statutory premiums they assert were required by the Coal Industry Retiree Health Benefit Act of 1992 (the "Coal Act"), codified in relevant part at 26 U.S.C. §§ 9701–9722 (1994). Claiming resolution of the motion will require substantial and material consideration of the Coal Act, the Trustees moved to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). The motion, together with a related appeal from a final order of the bankruptcy court in Adversary Proceeding No. 97–1058 MSK,[1] was recently reassigned to me from the docket of Judge Sparr.

The Trustees argue withdrawal of the reference is mandatory under 28 U.S.C. § 157(d) because the Coal Act, rather than the Bankruptcy Code, will dominate the determination of their Motion. In the alternative, the Trustees argue withdrawal is appropriate and should be granted pursuant to the court's discretionary authority under 28 U.S.C. § 157(d) to withdraw matters for cause. The Trustees contend withdrawal will promote the economical use of Westmoreland's and its creditors' resources and will expedite the bankruptcy process. I disagree and deny the motion.

It is well settled that the mandatory withdrawal of reference provision of 28 U.S.C. § 157(d) is to be narrowly construed. *Keller v. Blinder Robinson & Co. (In re Blinder Robinson)*, 135 B.R. 892, 895 (D.Colo.1991)(citing *United States v. Lenard (In re Lenard)*, 124 B.R. 101, 102 (D.Colo.

Robert A. Greenfield, Lee R. Bogdanoff, Stutman, Treister & Glatt, Los Angeles, CA, Craig A. Christensen, Lindquist, Vennum & Christensen, Thomas C. Seawell, Caroline C. Fuller, Fairfield & Woods, Denver, CO, Thomas P. Gies, Crowell & Moring, Washington, DC, for Debtors.

1. The appeal has been assigned Civil Action No. 97–K–2002.

1991)). Mandatory withdrawal of reference is required "only if the [district court] can make an affirmative determination that resolution of the claims will require substantial and material considerations of those non-Code statutes." *In re Lenard* at 102 (quoting *In re White Motor Corp.*, 42 B.R. 693, 705 (N.D.Ohio 1984)). "Substantial and material consideration," in turn, "arises when a determination of issues requires 'significant interpretation of federal law that congress would have intended to have decided by a district judge rather than a bankruptcy judge,' or where issues arising under non-title 11 laws dominated those arising under title 11." *Id.* (quoting *In re Texaco, Inc.*, 84 B.R. 911, 921–22 (S.D.N.Y.1988)). A distinction must be made between proceedings requiring "significant interpretation" of non-bankruptcy law and those merely applying such law to the facts. If the court is only required to do the latter, then mandatory withdrawal is not warranted. *Id.*

■ The Trustees' arguments regarding the significance of the Coal Act to the consideration of their administrative priority Motion are unpersuasive. As articulated by the Tenth Circuit, the test for determining administrative priority is resolved primarily with reference to the Bankruptcy Code. *See In re Amarex, Inc.*, 853 F.2d 1526, 1530 (10th Cir.1988)(definitive procedure for determining entitlement to administrative expense requires, first, consideration of whether the expense arose out of a transaction between the creditor and the trustee, and second, whether the expense benefits the estate). Such a determination in the instant case does not require a "significant interpretation" of the Coal Act under the *Lenard* standard and mandatory withdrawal is therefore unwarranted.[2] The Coal Act cases cited by the Trustees in which motions to withdraw the reference were granted do not compel a different conclusion. *E.g. UMWA 1992 Benefit*

*Plan v. Leckie Smokeless Coal Co.*, 201 B.R. 163, 165 (S.D.W.Va.1996)(motion granted without any analysis or findings).

The bankruptcy court has already considered and decided a similar administrative priority issue requiring application of the Coal Act in the related adversary proceeding on appeal in No. 97–K–2002. There was no suggestion in that earlier proceeding that the court was precluded from doing so under the mandatory withdrawal provisions of § 157(d) and there was no effort to seek to withdraw the reference of that matter to the bankruptcy court. Essentially conceding their mandatory withdrawal argument, the Trustees argue in the alternative that the unfavorable result obtained in the earlier adversary proceeding justifies withdrawing the reference on the instant Motion for cause.

Given that the bankruptcy court "already has analyzed similar" Coal Act obligations in the order on appeal in No. 97–K–2002, the Trustees argue permissive withdrawal is appropriate under § 157(d) because withdrawal will permit the district court "to conduct an orderly and comprehensive review of the issues raised" in the appeal and by the Motion in a single decision. Trustees' Mem. Law Support Mot. Withdraw at p. 9. By circumventing what they believe is a preordained result in the bankruptcy court, the Trustees maintain withdrawal of the reference will eliminate a "time-consuming and expensive step in the process of resolving the issues raised in the Motion." *Id.*

■ While fostering the economic use of litigants' resources is a valid consideration when evaluating a request for permissive withdrawal of reference under § 157(d), it does not, by itself, constitute cause. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir.1993). As courts have

---

**2.** The suggestion that withdrawal is mandatory because one of the Westmoreland respondents has raised constitutional defenses is also not well taken. There appears to be some dispute as to whether these defenses were timely raised or whether their interpretation is necessary to a consideration of the administrative priority Motion at all. The Trustees' supplemental filing entitled "Notice in Support of Motion [for With-drawal]," which informs the court of the existence of these constitutional defenses and asserts they form an additional basis for mandatory withdrawal of the reference, fails even to assert that a determination of the Motion will require "significant interpretation" of those defenses. *See* Notice in Support of Motion (filed Jan. 9, 1998).

interpreted the "for cause" provision of § 157(d), the principle inquiry is whether the claim involves core or noncore bankruptcy proceeding because it is upon this issue that questions of uniformity and efficiency turn. *Id.* at 1101. If a claim involves a noncore proceeding, for example, the fact that a bankruptcy court's determination of the matter is subject to *de novo* review may lead to the conclusion that a single proceeding in the district court is preferable. *Id.* Where, on the other hand, a claim involves a core proceeding, the interests of the parties and the public will be best served if the determination is made by the judge whose particular expertise will ensure the correct result. *In re Lenard,* 124 B.R. at 103 (no cause for permissive withdrawal of reference existed where decision of whether claims were allowable under 11 U.S.C. § 502(b) involved core bankruptcy proceeding)(citing *In re Baldwin–United Corp.,* 57 B.R. 751, 759 (S.D.Ohio 1985)); *see Orion* at 1101. There is no dispute in this case that the question of whether Westmoreland's statutory premiums under the Coal Act constitute priority administrative expenses under 11 U.S.C. § 503(b) is a core bankruptcy proceeding over which the bankruptcy court has final decisionmaking authority.

Even if the Motion involved a noncore proceeding, the fact that it might be more "efficient" to have the issue decided in the first instance by the district court would not be dispositive. Equally important to a determination of "cause" for withdrawal under § 157(d) are other factors such as uniformity in bankruptcy administration and concerns about forum shopping. *See Orion* at 1101. Both of these factors militate against a permissive withdrawal of reference here.

Taken to its logical conclusion, the Trustees' argument is that parties to bankruptcy proceedings should be entitled to circumvent the bankruptcy court and proceed directly to appeal where they anticipate an unfavorable result from the bankruptcy court. The untenability of such a position given its effects on the litigation process and on the standards of review on appeal, is apparent on its face.

In sum, consideration of the administrative priority Motion requires nothing more than an application of the Coal Act to the facts presented. The bankruptcy court is more familiar with these facts and the Westmoreland bankruptcy generally and is better situated to address the merits of the Trustees' Motion in the first instance. The Motion for Withdrawal of Reference is DENIED.