**In re CORPORACION DE SERVICIOS MEDICO HOSPITALARIOS DE FAJARDO, Debtor.**

Civil No. 98–2333 SEC.
Bankruptcy No. 85–00553(ANV).

United States District Court,
D. Puerto Rico.

Dec. 10, 1998.

Michael J. Rovell, Chicago, IL, for petitioner.

Pedro Jiménez–Rodriguez, Nancy Pujals, Asst. U.S. Trustee, Office of U.S. Trustee, San Juan, PR, for respondents.

## OPINION AND ORDER

CASELLAS, District Judge..

Pending before the Court is a motion filed by the Chapter 7 Trustee, Carlos J. Lastra (the "Trustee") in Bankruptcy Case No. 85–00553(ANV) to withdraw the reference to the Bankruptcy Court of the Trustee's Final Report and Application for Final Compensation (**Bk. Dockets # 1637, 1638**). The Trustee's request was duly opposed by the debtor (**Bk. Docket # 1640**) and by the United States Trustee ("U.S. Trustee") (**Bk. Docket # 1642**). For the reasons stated below in this Opinion and Order, the Trustee's motion for withdrawal of reference is **DENIED;** this matter will be immediately **REFERRED back** to the United States Bankruptcy Court for final disposition.

**Factual Background**

The Trustee seeks the permissive withdrawal of reference of its Final Report and Application for Final Compensation pursuant to 28 U.S.C. § 157(d). In his motion, the Trustee claims that the reference of this Final Report should be withdrawn and assigned to the undersigned because the debtor's audit of the Chapter 7 Trustee's Final Report "appears to involve expenditures authorized by the Trustee from funds of the debtor's estate, which the debtor argues should have been charged to and paid from another estate which the Trustee was administering at the same time, namely *In Re: P.R.F., Inc. d/b/a San Juan Health Centre*, Case No. 97–1282(SEC), Bankruptcy No. 93–03880(SEK) ('the San Juan Health Centre case')." **(Bk. Docket # 1637, page 2)**. He further argues that because the reference of the San Juan Health Centre has already been withdrawn and that matter is currently pending before the undersigned, that withdrawal of the reference in the instant case "would save judicial resources by permitting resolution of the matters raised by the debtor and the U.S. Trustee in one forum." *Id.*

Both the debtor and the U.S. Trustee filed motions in which they strongly opposed the withdrawal of reference of the Trustee's Final Report. The debtor opposes the Trustee's characterization of the debtor's investigation into the Trustee's Final Report as principally relating to funds allegedly diverted to the San Juan Health Centre estate. Instead, he avers that "the actual thrust of debtor's investigation ... is the expenditure and diversion by the Trustee of an amount in excess of $500,000.00 from the Fajardo estate during a period when there was almost no activity of substance in that estate ..." **(Bk. Docket # 1640, page 2)**. Debtor also argues that there are still many issues to be elucidated regarding the use of said funds are completely unrelated to the San Juan Health Centre estate.

Debtor concludes by stating that "[a]ll such issues pertain to one core bankruptcy matter pending at this time: whether the Trustee's Final Report on the liquidation of this Chapter 7 estate and request for final compensation should be approved, or whether *the Trustee* (not the San Juan Health Centre or other potential beneficiaries) should be ordered to reimburse funds to the Fajardo estate. It matters not for present bankruptcy purposes whether the ultimate beneficiaries of the Trustee's mismanagement and diversion of Fajardo assets may have been individuals, other bankruptcy estates managed by the Trustee, or the Trustee himself." *Id.* at page 4.

In turn, the U.S. Trustee argues that the issue regarding any possible transfer of funds to the San Juan Health Centre estate "is just one of the many items identified in the [U.S. Trustee's] objection to the trustee's final report, not the main item." **(Bk. Docket # 1642, pages 1–2)**. The U.S. Trustee also objects to the withdrawal of reference of the Trustee's Final Report on the grounds that "[t]his is a very old case, with many particular and complex issues which are already familiar to the judge who has been handling the case for many years." *Id.* at page 2. The U.S. Trustee concludes by stating that "[i]t would be against the best interest of case administration to withdraw the reference at this stage of the proceedings when the trustee has already filed his final report and on the grounds alleged by the trustee. The proceedings would be delayed, causing additional expenses to the courts, the debtor, and other parties in interest." *Id.*

**Applicable Law—The Withdrawal of Reference Statute**

Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." In turn, 28 U.S.C. § 157(d) authorizes the district court to withdraw the reference.

Section 157(d) provides for two types of withdrawal of reference: mandatory and permissive. Under the mandatory provision of § 157(d), "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." On the other

hand, the permissive prong of § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

As this Court has previously held, "[t]he purpose of mandatory withdrawal of reference is to assure that only Article III Judges determine issues requiring more than a routine application of federal statutes outside the Bankruptcy Code." *In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 724 (D.P.R. 1994). Courts have overwhelmingly construed this statute narrowly, because to do otherwise would "eviscerate much of the work of the bankruptcy courts" *In the Matter of Vicars Insurance Agency, Inc.*, 96 F.3d 949, 952, *quoting In re Adelphi Institute, Inc.*, 112 B.R. 534, 536 (S.D.N.Y.1990), and would create an "'escape hatch' by which bankruptcy matters could easily be removed to the district court." *Id.* This mandatory withdrawal provision, however, does not apply to the instant controversy, a fact which has been admitted by the Trustee.

Thus, we need only determine whether permissive withdrawal is warranted in this instance. This Court has held that "permissive withdrawal is ... used as a narrow exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court." *In re Ponce Marine*, 172 B.R. at 724. One court has held that "[t]his section grants the district court broad discretion on whether a case should be heard before the bankruptcy court or the district court." *In re C–TC 9th Avenue Partnership*, 177 B.R. 760, 765 (N.D.N.Y.1995). The burden of proving that "cause" for withdrawal of reference exists rests upon the movant. *Ponce Marine*, 172 B.R. at 725.

As the statute provides, a permissive withdrawal of reference may occur only "for cause shown." While the statute is silent on what constitutes "cause" under the provision, caselaw has developed in recent years outlining several factors that should be taken into account by a district court in determining whether permissive withdrawal of reference is appropriate in a given instance. In a seminal case on this issue, the Fifth Circuit

Court of Appeals held that "considerations of judicial economy ... bear on the decision to withdraw the reference or refer to the bankruptcy court." *Holland America Insurance Company v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985). In *Holland,* the Fifth Circuit also held that "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtor's and creditor's resources, and expediting the bankruptcy process." *Id.*

On the other hand, the Fourth Circuit Court of Appeals has outlined the following list of factors to be taken into account by the district court in the "cause" determination: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *In re Orion Pictures Corporation*, 4 F.3d 1095, 1101 (4th Cir.1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994).

In that same case, the Fourth Circuit determined that "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Id. See also In re Coe–Truman Technologies, Inc.*, 214 B.R. 183, 187 (N.D.Ill. 1997) ("The most important of these factors is whether the adversary proceeding sought to be withdrawn is core or non-core."); *In re Westmoreland Coal Company*, 221 B.R. 512, 515 (D.Col.1998). To that effect, the *Orion* court stated that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and the issues." 4 F.3d at 1101. *Accord Westmoreland Coal,* 221 B.R. at 515. While this core/non-core distinction is not dispositive of the issue, it cuts against permissive withdrawal. *See Mishkin v. Gurian,* 220 B.R. 784, 800 (S.D.N.Y.1998) ("Although this assumption cuts against permissive withdrawal, it is not dispositive ... In the final analysis, the critical question is efficiency and uniformity.")

### Analysis

 Pursuant to the applicable caselaw, we first turn to the determination whether the proceeding for which the trustee seeks withdrawal of the reference is core or non-core. A core proceeding is one that "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1239 (7th Cir.1990), *cert. denied,* 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991), *quoted in Coe–Truman Technologies,* 214 B.R. at 187. While this is sometimes a contentious issue, in this case the Trustee has admitted that the proceeding is clearly a core one, as it involves the final ratification of the debtor's liquidation plan under Chapter 7. Thus, what has been labeled as the most important factor, that this withdrawal pertains to a core proceeding, militates heavily against the granting of the withdrawal of reference. Looking beyond this ·determination, however, we also find that the other relevant factors weigh strongly against the withdrawal of reference in this instance because the trustee has not met his burden of proving that "cause" for withdrawal exists.

The core/non-core distinction has also been tied to the efficiency factor, insofar as the bankruptcy judge will normally be more familiar with the factual and legal intricacies of the case, and will thus be in a better position to dispose of the case expeditiously. The efficiency factor also weighs heavily against withdrawal of reference in this instance because this is a thirteen-year old bankruptcy case which has been handled by a single judge for most of its procedural history. His close familiarity with every single aspect of this complicated bankruptcy action puts him in a much better position to determine whether the Trustee's Final Report should be approved. We agree with the debtor's position that "[e]ntangling this matter with that of another active estate at this juncture would create additional expense, generate inordinate delay, foster confusion and adversely affect the lawful interests of the debtor." **(Bk. Docket # 1640, at pages 6–7).**

We also agree that it is highly unusual for the Trustee to have requested withdrawal of reference at this juncture, when the matter is so clearly near its conclusion after lengthy and complicated bankruptcy proceedings. It may be viewed as a belated attempt at "forum shopping," a factor which also weighs against the withdrawal of reference of the instant matter. To that effect, the debtor has argued that "withdrawal of reference in this case would encourage Trustees, in cases where the legality of their acts and their mismanagement has been questioned, to shop for courts far removed from those best suited to ascertain whether the trust placed in the trustee has been served according to the mandates of the law." **(Bk. Docket # 1640, page 7).** That would clearly run counter to the expeditious and efficient resolution of bankruptcy proceedings and would be an impermissible use of the withdrawal provision as an "escape hatch" from the bankruptcy court to the district court.

Furthermore, the trustee's argument that this matter is so related to the San Juan Health Centre bankruptcy case that withdrawal of the reference would be an economical and wise use of judicial resources must also fail. On the one hand, the arguments presented by the debtor and the U.S. Trustee regarding the scope of the objections to the Chapter 7 Trustee's Final Report are persuasive; the scope of inquiry and contention clearly goes beyond any funds that might have been diverted to the San Juan Health Centre by the Trustee. In addition, we agree with the debtor that the ultimate beneficiaries of the Trustee's alleged diversion of funds from debtor's estate are irrelevant to a determination whether the Trustee must compensate the estate for those diverted or mismanaged funds. Thus, we hereby find that these two matters are not so related as to constitute cause for the withdrawal of reference.

We also find that a withdrawal of reference would not promote uniformity in the bankruptcy proceedings because regardless of whether any funds diverted by the Trustee actually benefitted the San Juan Health Centre estate, the relevant issue in *this* case is whether the funds were improperly diverted

from the debtor's estate by the Trustee, and whether the Trustee should be personally liable for a breach of his fiduciary duties to the debtor's estate. The final disposition of the Trustee's Final Report in this case is completely independent of the proceedings in the San Juan Health Centre case. Thus, an analysis of the relevant factors clearly lead to a finding that withdrawal of reference is inappropriate in this instance.

### Conclusion

Pursuant to the above discussion, Trustee's motion for the withdrawal of reference of the Chapter 7 Trustee's Final Report and Application for Final Compensation (**Bk. Dockets # 1637, 1638**) is hereby **DENIED.** This matter should be immediately **REFERRED back** to the United States Bankruptcy Court for final disposition. Judgment will be entered accordingly.

**SO ORDERED.**