**BORICUA MOTORS CORP., Plaintiff,**

v.

**TAMACHI, INC., Defendant.**

**Civ. No. 86–1896(RLA).**

United States District Court,
D. Puerto Rico.

Aug. 20, 1987.

Richard A. Lee, Vazquez Vizcarrondo Alvarez, Angelet Lee and Gonzalez, Hato Rey, P.R., for plaintiff.

O'Neill & Borges, Hato Rey, P.R., Wayne A. Cross, Reboul MacMurray Hewitt, Maynard & Kristol, New York City, for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

### BACKGROUND

The facts of the case as determined from the pleadings are as follows:

Tamachi, Inc. ("Tamachi") is the authorized distributor of Mitsubishi Motors Corporation ("Mitsubishi") in Puerto Rico, of passenger cars, parts and accessories.

Boricua Motors Corp. ("BMC") is engaged in the sale in certain areas of Puerto Rico of Mitsubishi products which are distributed by Tamachi in Puerto Rico.

The sale of Mitsubishi products by BMC is subject to the terms and conditions of an Agreement of Purchase and Release ("APR") between Mitsubishi, Tamachi and BMC, dated August 26, 1982.

On December 12, 1985, BMC filed a petition for relief and reorganization pursuant to Chapter 11 of the Bankruptcy Code. On September 12, 1986 BMC filed an adversary proceeding against Tamachi. On December 15, 1986 Tamachi filed in this Court a motion for withdrawal of reference in respect to the adversary proceeding pursuant to the provisions of 28 U.S.C. § 157(d).

BMC demands specific performance of Tamachi under the provisions of the APR among other remedies. Tamachi alleges that BMC is requiring Tamachi to pay BMC a "Key Dealer Margin" greater than the reasonable costs of providing key dealer's functions and that such a price discrimination would constitute a violation of the Robinson-Patman Act. Accordingly, Tamachi has expressly defended against BMC's claim for specific enforcement of the 4% Key Dealer Margin, and has sought injunctive and declaratory relief against BMC, on the grounds that such level of compensation would be excessive and would constitute an unlawful price discrimination against the other key dealers of Tamachi in Puerto Rico who, except for one other, have accepted the revised levels of compensation, and all of Tamachi's non-key dealers in Puerto Rico who do not receive the Key Dealer Margin.

Tamachi's motion for withdrawal of reference is grounded on its contention that resolution of the proceeding requires consideration of Title 11 as well as the Sherman Antitrust Act, 15 U.S.C. §§ 1 et seq., the Robinson-Patman Act, 15 U.S.C. § 13, and the Automobile Dealers' Day in Court Act, 15 U.S.C. §§ 1221 et seq. (the Dealers' Act), which regulate organizations or activities affecting interstate commerce.

## DISCUSSION

The standard for mandatory withdrawal of reference is set forth in 28 U.S.C. § 157(d) which reads in pertinent part:

The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

It has been concluded that withdrawal is mandatory only when consideration of non-code federal statutes is necessary for the resolution of a case or proceeding and that substantial and material consideration of those non-bankruptcy statutes must be involved. In Re White Motor Corp., 42 B.R. 693, 703 (N.D.Ohio 1984).

It is apparent that the APR cannot be interpreted and the case thus resolved without giving due consideration to the issues of the Sherman Act, the Robinson-Patman Act, and the Dealers' Day in Court Act, all non-code statutes regulating interstate commerce. Specifically, Tamachi requests that this Court enjoin BMC from demanding continuation of the 4% Key Dealer Margin or from seeking judicial compulsion of such continuation in violation of the provisions of the federal anti-trust law prohibiting attempts to induce unlawful price determination in violation of 15 U.S.C. § 13(f). Tamachi also seeks to enjoin BMC from enforcing a combination of agreements in restraint of trade in violation of the provisions of 15 U.S.C. §§ 1 to 7. Further, Tamachi has requested declaratory relief to provide that Tamachi's actions do not violate the Dealers' Day in Court Act and that Puerto Rico's Act No. 75 is pre-empted by federal law to the extent that its application would conflict with the effect and operation of federal anti-trust law.

BMC makes reference to Tamachi, Inc. v. Chrysler Plymouth de Ponce, Inc., 651 F.Supp. 1359 (D.P.R.1987) ("CPP") decided by Judge José A. Fusté to indicate that Tamachi's instant motion for withdrawal of reference is a sham on the grounds that "Tamachi sought to obtain federal jurisdiction on exactly the same grounds it seeks

withdrawal of reference to the Bankruptcy Court in this proceeding".[1] BMC concludes that "/i/f the (Fusté) Court found that federal jurisdiction did not attach, it follows that resolution of that case and this proceeding does not require consideration of federal laws regulating organizations or activities affecting interestate commerce".[2]

In the CPP case federal jurisdiction was denied because it was viewed by the Court as a "clever move" to attempt to deprive Chrysler Plymouth de Ponce, Inc. of the filing of a suit in the local court under Law 75. The court reasoned that by Tamachi suing first it "would open the door to federal court to them to have the whole controversy resolved here. Such door would otherwise be closed, inasmuch as a local suit by CPP as a first suit would not be removable. 28 U.S.C. § 1441. Diversity jurisdiction would be lacking. 28 U.S.C. § 1332".[3] Also, the delicate matter of comity was considered.[4]

In the case at bar, this Court is not faced with determining whether or not to close the door to the federal court to Tamachi on the grounds that it can see through a strategic end-run involving state versus federal forums. The issue in this case is whether or not the assertion of Tamachi's defenses and compulsory courter-claims which are grounded in non-bankruptcy federal law constitutes a "sham" or is "wholly irrelevant and inapplicable".[5] In order to determine whether the defenses and counter-claims are indeed a sham or wholly irrelevant and inapplicable the Court must, perforce, enter into the merits of the same.

In passing, with respect to the sham issue, it might be appropriate to make reference to the sanctions provided in Rule 11 of the Federal Rules of Civil Procedure and Section 1927 of Title 28 which could be applied when appropriate.

What is involved here are issues requiring significant interpretation of federal laws that Congress intended to have decided by a district judge rather than a bankruptcy judge.[6] Naturally, there is no consideration of comity between the district court and the bankruptcy court as there was under the facts of *Tamachi, Inc. v. Chrysler Plymouth de Ponce, Inc., supra.*

The Court is mindful that the mandatory withdrawal provision of Section 157(d) is to be construed narrowly so that it does not become an "escape hatch" for matters properly before the bankruptcy court. Resolution of the issues involved in these proceedings, however, fall within a narrow reading of Section 157(d).

The Court finds, consequently, that substantial and material consideration of non-bankruptcy code federal statutes is necessary for the resolution of the instant proceedings.

Therefore, the motions for withdrawal of the reference is hereby GRANTED.

IT IS SO ORDERED.

---

1. BMC's Opposition to Motion for Withdrawal of Reference Under 28 U.S.C. § 157(d), page 8.

2. BMC's Opposition to Motion for Withdrawal of Reference Under 28 U.S.C. § 157(d), page 8.

3. *Tamachi v. Chrysler Plymouth, supra* at p. 1361.

4. *Tamachi v. Chrysler Plymouth, supra* at p. 1363.

5. The characterizations are borrowed from BMC's Opposition to Motion for Withdrawal of Reference Under 28 U.S.C. § 157(d), pp. 3 and 7.

6. *In re Johns-Manville Corp.,* 63 B.R. 600 (S.D.N.Y.1986).