**In re COATED SALES, INC., et al., Debtors.**

**No. 90 Civ. 7343.**

**Bankruptcy Nos. 88 B 11131 through 88 B 11336 (CB).**

United States District Court, S.D. New York.

Sept. 17, 1992.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City (Eric Nelson, of counsel), for U.S.

Kaye, Scholer, Fierman, Hays & Handler, New York City, (Lester M. Kirshenbaum, of counsel), for debtors.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

Before the Court is the motion of the United States of America (the "Government"), pursuant to Section 157(d) of Title 28, United States Code, 28 U.S.C. § 157(d), to withdraw the reference of certain bankruptcy cases entitled *In re Coated Sales, Inc. et al.*, case Nos. 88 B 11331–11336. As explained below, the Government's motion is denied.

The Debtors in these cases filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. § 101 *et seq.*, as amended. The Government, acting through the Environmental Protection Agency ("EPA"), filed claims in those cases because of the presence of toxic chemical wastes on property owned or operated by the debtors in Rhode Island (the "Landfill"). The interest of the EPA arises out of its responsibilities as provided for in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.*, as amend-

ed by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA").

By application dated June 20, 1990, the Debtors sought an order pursuant to Section 554(a) of the Bankruptcy Code authorizing them to abandon the Landfill property. The Government argues that due to the environmental hazards present the debtors are barred from taking advantage of § 554(a), or any other provisions of the Bankruptcy Code. Government's Memorandum at 6 (citing *Midatlantic National Bank v. New Jersey Dep't of Environmental Conservation*, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986); *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985)). The Government argues that the reference should be withdrawn, contending that resolution of the Debtors' § 554(a) application to abandon the Landfill will require the Bankruptcy Court to consider certain provisions of CERCLA. Therefore, the Government argues, the mandate must be withdrawn and the case transferred from the bankruptcy court for determination in this Court pursuant to 28 U.S.C. § 157(d).

The Government's motion is denied. 28 U.S.C. § 157(d), on which the Government's motion is based, is to be read narrowly. *In re Ionosphere Clubs, Inc.*, 1990 WL 5203, 1990 U.S. Dist. Lexis 741 (S.D.N.Y.1990). In order to preserve the purposes of the Bankruptcy Code, courts have paid heed to the observation during the Congressional debates on Section 157 that it " 'was not intended to become "an escape hatch through which most bankruptcy matters will be removed to the district court" ... and ... that district courts "should not allow a party to use this provision to require withdrawal where such laws are not material to the resolution of the proceeding".... ' " *Id.* (quoting *In re White Motor Corp.*, 42 B.R. 693, 704 (N.D. Ohio 1984)).

The Court concludes that section 157 does not mandate withdrawal of the mandate in this case. It is clear that the primary issues before the bankruptcy court on Debtors' application to abandon will be questions of bankruptcy law in general and section 554(a) in particular. Any applica-

tion of CERCLA will be tangential to the consideration of the Debtors' 554(a) application. To the extent that the bankruptcy court is required to apply provisions of CERCLA in its determination of the Debtors' application, the bankruptcy court would primarily be required to apply the statute to the law of the case. In other words, the application does not involve significant aspects of CERCLA. Accordingly, withdrawal of the reference is not mandated. *Cf. In re Texaco Inc.*, 84 B.R. 911, 925 (S.D.N.Y.1988).

For the reasons set forth above, the Government's motion is denied. This action is ordered removed from the active docket of this Court.

SO ORDERED.