In re PONCE MARINE FARM,
INC., Debtors.

In re MIDWEST TRADING COMPANY,
INC., Debtor.

PONCE MARINE FARM, INC.,
et al., Plaintiffs,

v.

Carol BROWNER, E.P.A., Defendant.

Civ. Nos. 93–01159(ESL), 93–02511(ESL)
and 94–2212(HL).
Adv. No. 94–0070(ESL).

United States District Court,
D. Puerto Rico.

Sept. 16, 1994.

Stuart A. Weinstein–Bacal, Indiano, Williams & Weinstein–Bacal, Hato Rey, PR, for plaintiffs.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is defendant, The United States Environmental Protection Agency's ("EPA") motion for withdrawal of reference of Adversary Proceeding 94–0070 and plaintiffs' opposition thereto. Defendant's motion is based on 28 U.S.C. § 157(d). For the reasons set forth below, the Court denies the motion for the Withdrawal of Reference.

### FACTUAL BACKGROUND

Plaintiffs are owners of property formerly known as the Ponce Salt Farm as well as operators of a aquaculture business thereon. In March and May of 1993, plaintiffs Ponce Marine Farm Inc. ("Ponce Marine") and Midwest Trading Company, Inc. ("Midwest") respectively filed petitions for relief and reorganization pursuant to Chapter 11 of the bankruptcy code. These two Chapter 11 cases were consolidated on June 10, 1993.

The complaint in the instant adversary proceeding was filed on August 15, 1994. Plaintiffs seek injunctive relief against an EPA compliance order issued in August, 1989. Plaintiffs base their action on the provisions of the Bankruptcy Code, 11 U.S.C. § 105(a) and the Administrative Procedure Act, 5 U.S.C. § 701, et seq. Plaintiffs assert that the EPA order which is the subject of the adversary proceeding is relevant to their bankruptcies in that said EPA order has precluded plaintiff/debtors from operating their principal asset, rendering it economically useless. Furthermore, plaintiffs maintain that they are incapable of consummating their Chapter 11 reorganization plan until said order is enjoined.

The EPA claims otherwise. In essence, the EPA maintains that the District Court must withdraw reference of the instant adversary proceeding based on the mandatory withdrawal provision, and alternatively on the discretionary withdrawal provision of 28 U.S.C. § 157(d). In addition to filing said motion for withdrawal of reference, the EPA has filed a motion to stay the adversary proceedings as well as a motion to dismiss. Both of these motions are currently pending before the bankruptcy court.

### WITHDRAWAL OF REFERENCE BY THE DISTRICT COURT

A District Court's decision to withdraw reference of an adversary proceeding is governed by 28 U.S.C. § 157(d). Under this statute, withdrawal of reference may be mandatory or discretionary. 28 U.S.C. § 157(d) provides in pertinent part:

the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the Court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United

States regulating organizations or activities affecting interstate commerce.

As stated earlier, the EPA asserts that both forms of withdrawal are proper in the instant case. The Court will address each type of withdrawal separately.

### A. Mandatory Withdrawal

■ The purpose of mandatory withdrawal of reference is to assure that only Article III Judges determine issues requiring more than a routine application of federal statutes outside the Bankruptcy code. *In re Horizon Air, Inc.*, 156 B.R. 369 (N.D.N.Y.1993); *In re American Freight System, Inc.*, 150 B.R. 790 (D.Kan.1993). In this regard, "the mandatory withdrawal provision of § 157(d) is to be construed narrowly so that it does not become an 'escape hatch' for matters properly brought before the bankruptcy Court." *In re American Freight System, Inc.*, 150 B.R. at 792; *Boricua Motors Corp. v. Tamachi, Inc.*, 76 B.R. 891 (D.P.R.1987).

■ Accordingly, mandatory withdrawal of reference is proper only where resolution of the adversary proceeding involves substantial and material consideration of non-bankruptcy federal statutes. *In re Kuhlman Diecasting Co.*, 152 B.R. 310 (D.Kan.1993); *Boricua Motors*, 76 B.R. at 893; *In re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984). Thus, the consideration of non-code law must entail more than routine application of federal non-code law to the facts. Withdrawal is mandatory only when the non-code issues dominate the bankruptcy issues. *In re Freight Systems*, 150 B.R. at 793.

■ In applying this standard to the instant case, the Court finds that withdrawal of reference is not mandated. First, the fundamental matters to be considered by the bankruptcy court in ruling on the injunction are primarily bankruptcy code issues, including determining whether the EPA order is a "claim" and what kind of treatment said claim is entitled to. Second, the bankruptcy court's resolution of the adversary proceeding will not require "material and substantial" consideration of non-bankruptcy statutes.

In the instant case, the bankruptcy court's consideration of The Clean Water Act, 33 U.S.C. § 1251, et seq., will only be tangential. The adversary proceeding does not involve significant aspects of the Clean Water Act.[1] *See In re Coated Sales, Inc.*, 146 B.R. 83 (S.D.N.Y.1992) (withdrawal denied upon Court's finding that debtor's adversary proceeding, seeking abandonment of property on which government had filed claims due to presence of toxic chemical waste, would involve general questions of bankruptcy law and only tangential application of CERCLA).

### B. Permissive Withdrawal

■ Permissive withdrawal of reference requires different treatment. While permissive withdrawal is still used as a narrow exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy Court, it employs different criteria for determining whether withdrawal should be exercised.[2] First, the test for ascertaining whether permissive withdrawal is proper requires a court to resolve whether "cause" exists. Second, when making a "cause" determination, district courts are to consider factors such as "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economic use of the debtors' and creditors' resources, and expediting the bankruptcy process.[3] *Holland America Ins.*

---

**1.** The tangential nature of the bankruptcy court's inquiry is evidenced by the fact that the court need only address whether the EPA followed the requisite procedures of the Clean Water Act.

**2.** In order to insure that the exception does not swallow the rule, courts remain cautious in applying § 157(d). As such withdrawal, even discretionary withdrawal is permitted in only a limited number of circumstances. *U.S. v. Kaplan*, 146 B.R. 500 (D.Mass.1992). *See also In re Onyx Motor car Corp.*, 116 B.R. 89 (S.D.Ohio 1990) (a

motion for withdrawal of reference not well received absent exceptional and compelling circumstances); *In re DeLorean Motor Co.*, 49 B.R. 900 (E.D.Mich.1985) (overriding interest must be shown to override presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court).

**3.** The First Circuit has not yet addressed the "cause" requirement. Nevertheless, most courts facing the issue have adopted the above enumer-

*Co v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985). Finally, the movant has the burden of showing that "cause" exists. *Kaplan,* 146 B.R. at 503; *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec.,* 106 B.R. 367, 370.

After applying the above factors to the instant case, the Court finds that the EPA has not demonstrated "cause" as to why the adversary proceeding should be withdrawn. First, the Court notes that the chapter 11 cases have been in bankruptcy court for over a year and a half. A withdrawal of reference from the bankruptcy court at this time would surely result in delay of the case's progression. Second, the bankruptcy court is quite familiar with the circumstances surrounding plaintiffs, the EPA and the Corps of Engineers. Requiring this Court to come up to speed would surely be a waste of judicial resources. It would also place an unnecessary burden on debtors. Third, the EPA's present motion, when viewed in conjunction with its motion to stay adversary proceedings and motion objecting to advancing of preliminary injunction date, can be viewed as an attempt at "forum shopping." Finally, the bankruptcy court's final determination of the adversary proceedings can later be reviewed by the district court by means of an appeal.

Accordingly, this Court finds that both permissive and mandatory withdrawal pursuant to 28 U.S.C. § 157(d) would be inappropriate.

WHEREFORE, in view of the above, the Court hereby DENIES withdrawal of reference, and the instant adversary proceeding will be tried in the bankruptcy court.

**IT IS SO ORDERED.**

ated factors articulated by the Fifth Circuit in