In re ENVISIONET COMPUTER
SERVICES, INC., Debtor.

The Official Committee of Unsecured
Creditors, Plaintiff,

v.

TSG Equity Fund, L.P.,
et al., Defendants.

Bankruptcy No. 01–20952 JBH.
Adversary No. 01–2084.
Misc. No. 01–85–P–C.

United States District Court,
D. Maine.

April 5, 2002.

Michael A. Fagone, Esq., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for plaintiff.

Roger Clement, Esq., Verrill & Dana, Charles A. Harvey, Jr., Harvey & Frank, Fred W. Bopp, III, Perkins, Thompson, Hinckley & Keddy, Benjamin E. Marcus, Drummond, Woodsum & MacMahon, Portland, for defendants.

## MEMORANDUM OF DECISION AND ORDER ON MOTIONS TO WITHDRAW REFERENCE AND FOR HEARING

GENE CARTER, District Judge.

Defendants Village Ventures, Inc. ("VVI"), TSG Equity Fund, LP ("TSG"), and Keystone Venture V L.P. ("Keystone") (collectively "Defendants") have filed, under 28 U.S.C. § 157(d), a motion to withdraw (Docket No. 1) the reference of the above-captioned adversary proceeding to this Court from the United States Bankruptcy Court for the District of Maine. Plaintiff, the Official Committee of Unsecured Creditors (the "Committee"), has brought claims against Defendants in bankruptcy court for: (1) declaratory judgment seeking to recharacterize debt

as equity, *i.e.*, voiding certain transactions pursuant to 11 U.S.C. § 506(d) and preserving the assets for the estate per 11 U.S.C. § 551 (Counts II, III, and IV); (2) fraudulent transfer claims pursuant to 11 U.S.C. §§ 544, 548, and the Maine Uniform Fraudulent Transfer Act, 14 M.R.S.A. §§ 3575, 3578 (Counts V, VI, VII, X, XI, and XII); (3) a preferential transfer claim pursuant to 11 U.S.C. § 547 (Count VIII); (4) equitable subordination claims pursuant to 11 U.S.C. § 510(c) and declaratory judgment pursuant to 11 U.S.C. §§ 502, 509 (Counts IX and XIII); and (5) a claim seeking declaratory judgment regarding the enforceability of an alleged contract (the "Sharing Agreement") between the Committee and Defendants (Count XIV). Defendants assert the right to a jury trial on Counts V through VIII and Counts X through XIII of Plaintiff's Complaint, which both Defendants and Plaintiff contend are core claims. Defendants further assert the right to a jury trial on Count XIV (the "SPM claim"), which Defendants contend is non-core, and Plaintiffs contend is core. Plaintiff opposes Defendants' Motion to Withdraw the Reference and has filed a Motion for Hearing (Docket No. 3) on Defendants' motion.

## Jurisdiction

The district court has jurisdiction over bankruptcy actions under 28 U.S.C. § 1334(b). Title 28 U.S.C. § 157(a) permits referral to the bankruptcy court, and by local standing order dated July 11, 1984, all cases and civil proceedings arising under Title 11 filed in this district are automatically referred to the bankruptcy judges for the District of Maine. Bankruptcy courts "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ... and may enter appropriate orders and judgments, subject to review [by the district court] under section 158 of this title." 28 U.S.C. § 157(b)(1).

## Withdrawal

 Section 157(d) permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Withdrawal from the bankruptcy court is an exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal [is] essential to preserve a higher interest." *Gray v. Solvay Polymers, Inc.*, 182 B.R. 73, 80–81 (D.Mass.1994) (internal citation omitted) (quoting *United States v. Kaplan*, 146 B.R. 500, 502–03 (D.Mass.1992)). "[B]ecause bankruptcy courts cannot conduct jury trials on non-core matters, withdrawal is mandated if a litigant is entitled to a jury trial on such matters."[1] *In re Larry's Apartment*, 210 B.R. 469, 472 (D.Ariz.1997) (citing *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir.1990)); *see also In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 724 (D.P.R.1994) (mandatory withdrawal of reference from bankruptcy court necessitated only when noncode issues dominate bankruptcy issues or resolution of adversary proceeding involves substantial and material consideration of nonbankruptcy federal statutes). "A district court may withdraw its reference of a particular case if the matter involves a federal law that should or must be adjudicated by an Article III court." *Kaplan*, 146 B.R. at 502. However, "[w]here a defendant has made a claim on the estate, the defendant has submitted to the pro-

---

1. There are also cases providing that the district court should refrain from withdrawing the reference until the bankruptcy court determines preliminary matters. *See, e.g., Cleveland Const. Inc. v. R.C. Hotel, L.L.C.*, 2002 WL 221611, *1 (E.D.La.2002).

**4**

cess of allowance and disallowance of claims adjudicable by the bankruptcy court." *In re Larry's Apartment,* 210 B.R. at 473.

The moving party bears the burden of demonstrating cause for discretionary withdrawal of the reference. *See Kaplan,* 146 B.R. at 503; *see also In re Larry's Apartment,* 210 B.R. at 472. Cause for withdrawal of the reference exists when the following factors balance in favor of the district court adjudicating the proceeding:

Factors affecting a discretionary withdrawal pursuant to § 157(d) include: judicial economy; whether withdrawal would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested.

*In re Larry's Apartment,* 210 B.R. at 474 (citing, *inter alia, Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)); *see also, In re Ponce Marine Farm, Inc.,* 172 B.R. at 725, n. 3 ("The First Circuit has not yet addressed the 'cause' requirement. Nevertheless, most courts facing the issue have adopted the above enumerated factors articulated by the Fifth Circuit in *Holland America.*"). In weighing judicial economy, courts weigh the preponderance of "core" versus "non-core" claims. *See generally, Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101–02 (2d Cir.1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). The Second Circuit, in *In re Orion Pictures Corp.,* stated:

If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference. However, a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court.

*Id.,* at 1101–02. The factors affecting withdrawal cannot properly be analyzed on the record before this Court and, therefore, the Court will remand the case to the bankruptcy court for further proceedings, including preliminary determinations providing the basis for the bankruptcy court's jurisdiction over this adversarial proceeding.

### Core Proceedings

The bankruptcy court should determine, in the first instance, whether it has jurisdiction over this adversarial proceeding, either in part or in its entirety. The Bankruptcy Code provides: "The bankruptcy judge shall determine ... whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3). The parties agree that Counts I through XIII of the Complaint are core, but disagree about the status of Count XIV. *See* Defendants' Joint Motion For Withdrawal of Reference, Ex. B and C (Docket No. 1) at ¶ 17 (Defendants assert that Count XIV is non-core); Plaintiff's Objection Of The Official Committee of Unsecured Creditors To Joint Motion For Withdrawal (Docket No. 2) at 13 ("the SPM Claim [Count XIV] is a core proceeding for which the Bankruptcy Court may enter a final judgment.").

Core proceedings include, *inter alia,* matters concerning the administration of the estate; allowance or disallowance of claims against the estate; counterclaims by the estate against persons filing claims against the estate; proceedings to

determine, avoid, or recover preferences; determinations of the validity, extent, or priority of liens; and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), (K) & (O). "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). For example, state law contract issues can come within the bankruptcy court's core jurisdiction. The Supreme Court, in *Katchen v. Landy,* illustrated this concept:

> So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control.

*Katchen v. Landy,* 382 U.S. 323, 337, 86 S.Ct. 467, 477, 15 L.Ed.2d 391 (1966) (quoting *Barton v. Barbour,* 14 Otto 126, 133–34, 104 U.S. 126, 133–34, 26 L.Ed. 672 (1881)); *see also, In re Arnold Print Works, Inc.,* 815 F.2d 165, 169 (1st Cir. 1987), *In re Atlas Fire Apparatus, Inc.,* 56 B.R. 927, 935 (Bankr.E.D.N.C.1986). "The bankruptcy court has core jurisdiction over claims arising from a contract formed post-petition under § 157(b)(2)(A)," which involves matters concerning the administration of the estate. *In re U.S. Lines, Inc.,* 197 F.3d 631, 637–38 (2d Cir.1999) (citing *Ben Cooper, Inc. v. Insurance Co. (In re Ben Cooper, Inc.),* 896 F.2d 1394, 1399–1400 (2d Cir.1990), *vacated on other grounds,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *opinion reinstated,* 924 F.2d 36 (2d Cir.1991)). The bankruptcy court can also exercise core jurisdiction over a proceeding when a party's claims against another party are the equivalent of counterclaims against an entity that has filed a claim against the estate pursuant to Bankruptcy Code § 157(b)(2)(C). *See, e.g., In re Caldor, Inc.-NY,* 217 B.R. 121, 128 (Bankr.S.D.N.Y.1998). The nature of certain proceedings necessitates that they be heard by the bankruptcy court. The Court of Appeals for the First Circuit has held that "the bankruptcy court, not the district court or court of appeals, is the only tribunal equipped to make evidentiary findings on relevant factual matters such as whether the parties acted in bad faith [or] whether the parties intended to frustrate attempts to reorganize the Debtor." *Official, Unsecured Creditors' Committee v. Stern (In re SPM Manufacturing Corporation),* 984 F.2d 1305, 1316–17 (1st Cir. 1993).

Additionally, the bankruptcy court retains limited jurisdiction over claims that are sufficiently "related to" the bankruptcy case.

> A bankruptcy judge may hear a proceeding that is not core but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1); *see generally, Kaplan,* 146 B.R. 500. Defendants admit that most of Plaintiff's claims are core. Moreover, all but Count XIV and the state law fraudulent transfer claims arise under the Bankruptcy Code, which confers final jurisdiction to the bankruptcy court regardless of the parties' consent. 28 U.S.C. § 157(b)(1). Because the determination of

whether a proceeding falls within the bankruptcy court's core jurisdiction is critical to the disposition of a motion for withdrawal of the reference, this Court will remand the case to the bankruptcy court for a determination of whether the claims in Plaintiff's Complaint are core or noncore.

### Entitlement to a Jury Trial

Entitlement to a jury trial is another factor affecting discretionary withdrawal of the reference to bankruptcy court. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The bankruptcy court is an appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded. *See* B.R. 9015(b); *In re Rodgers & Sons, Inc.*, 48 B.R. 683, 688 (Bankr.D.Okl. 1985) ("[T]his Court is empowered to determine whether there is a right to trial by jury . . . ."); *In re Energy Resources Co., Inc.*, 49 B.R. 278, 281 (Bankr.D.Mass. 1985); *Am. Universal Ins. Co. v. Pugh*, 821 F.2d 1352 (9th Cir.1987). The Bankruptcy Reform Act of 1994 granted bankruptcy courts the authority to conduct jury trials. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."). The consent of all parties, however, is a prerequisite to a bankruptcy court conducting a jury trial. *Dooley Plastic Co., Inc.*, 182 B.R. at 81 (holding that bankruptcy court's lack of authority to conduct jury trial absent parties' consent constituted good cause for withdrawing reference to bankruptcy court).

The fact that a cause of action typically affords the right to a jury trial under the Seventh Amendment is not nec-

essarily dispositive over whether the district court should withdraw the reference; *e.g.*, a party's filing a proof of claim against the bankruptcy estate thereby brings the party within the equitable jurisdiction of the bankruptcy court and waives any creditor's jury trial right. *See Granfinanciera*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26, *Langenkamp v. Culp*, 498 U.S. 42, 43, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *see also, e.g. Comco Associates v. Faraldi Food Industries Ltd.*, 170 B.R. 765, 772 (E.D.N.Y.1994) (denying withdrawal of the reference over a contract action because it was "inextricably linked to the bankruptcy court's Sale Order," and holding that "noncore proceeding" is one concerned only with state law issues that did not arise in core bankruptcy function of adjusting debtor-creditor rights), *In re Babcock & Wilcox*, 2001 WL 1018366, *6, 2001 U.S. Dist. LEXIS 9794, *16 (E.D.La.) (denying withdrawal of the reference where party submitted its contract claim to the equity jurisdiction of the bankruptcy court, thereby converting the legal action into an equitable proceeding). Additionally, the right to a jury trial may be inexorably linked to the question of whether or not the bankruptcy court has "core" jurisdiction over the matter at issue. *See In re Gunsmith's, Inc.*, 271 B.R. 487 (S.D.Miss.2000) (whether debtors were entitled to jury trial on state law claims turned on "core" or "noncore" nature of claims); *In re White Motor Credit Corp.*, 75 B.R. 944, 947–48 (Bankr.N.D.Ohio 1987) (bankruptcy court's "jurisdiction to interpret and enforce prior orders includes purchasers' actions for declaratory and injunctive relief to enforce orders of sale"); 28 U.S.C. §§ 157(b)(2)(A), (N), and (O), *c.f. In re Savage Industries, Inc.*, 1993 WL 763407, *3–*4 (D.Mass. 1993) (where bankruptcy court did not specifically approve sale "free and clear" of claims, bankruptcy court could not enjoin or enforce agreements made by the parties but not mentioned in the order).

Defendants maintain that they timely filed demands for a jury trial in their Answers to Plaintiff's Complaint,[2] but Defendants insist that they have not: (1) consented to a trial by jury before the bankruptcy judge, (2) filed any proofs of claim against the Debtor's estate, (3) consented to entry of final orders or judgment by the bankruptcy judge on non-core matters, nor (4) filed or asserted any counterclaims in the adversary proceeding or otherwise waived the right. Plaintiff responds that Defendants are not entitled to a jury trial on several claims or, in the alternative, have waived whatever jury trial rights they might have had by participating in the claims allowance process in the bankruptcy court. Plaintiff argues that by consenting to the entry of Bankruptcy Judge Haines's Interim and Final Junior DIP Financing Orders, Defendants submitted themselves to the equitable jurisdiction of the bankruptcy court.

### Conclusion

The Court **FINDS** that Defendants have failed to carry their burden of establishing cause for withdrawal of the reference at this time. Until the bankruptcy court determines the core/non-core nature of the claims, whether Defendants are entitled to a jury trial on any claims, and whether Defendants have consented to the bankruptcy court's jurisdiction, this Court cannot determine whether factors favoring withdrawal are sufficiently present to warrant such a course of action.[3]

Accordingly, it is **ORDERED** that Defendants' Motion to Withdraw the Reference to the Bankruptcy Court (Docket No. 1) be, and it is hereby, **DISMISSED WITHOUT PREJUDICE.** It is further **ORDERED** that the Committee's Motion for Hearing (Docket No. 3) be, and it is hereby, **DENIED.** The Court **FURTHER ORDERS** that the case be **REMANDED** to the bankruptcy court for determination of whether any claims are non-core, whether Defendants are entitled to a jury trial on any count, and whether Defendants have consented to the bankruptcy court's equitable jurisdiction over the claims in this adversary proceeding and such other proceedings as the bankruptcy court shall find to be appropriate.

---

2. The specific claims for which defendants assert a right to a jury trial include: the so-called SPM claim, and claims for fraudulent transfer, preference, equitable subordination, recharacterization, and declaratory relief.

3. The bankruptcy court is in the best position to expedite the bankruptcy process; and withdrawal of the reference at this time would likely result in considerable expenditure of debtor and creditor resources and would only increase delay. Defendants have presented no persuasive argument that withdrawal would promote uniform or efficient administration of the bankruptcy or reduce forum shopping, having conceded that most of the issues are within the bankruptcy court's core jurisdiction.