### In re ENVISIONET COMPUTER SERVICES, INC., Debtor.

### The Official Committee of Unsecured Creditors, Plaintiff,

v.

### Heather D. Blease, et al., Defendants.

### Nos. 01–20952 JBH, MC–02–30–P–C. Adversary No. 01–2108.

United States District Court, D. Maine.

April 11, 2002.

---

Robert J. Keach, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Unsecured Creditors Committee.

Steven E. Cope, Cope & Cope, Portland, ME, for Heather D. Blease.

Benjamin E. Marcus, Drummond, Woodsum & MacMahon, Portland, ME, Barbara T. Schneider, Murray, Plumb & Murray, Portland, ME, for Elizabeth Reuthe and Thomas N. Tureen.

John Hubbard Rich, III, Fred W. Bopp, III, Perkins, Thompson, Hinckley & Keddy, Portland, ME, for Kerry Dale.

Lola S. Lea, Freeport, ME, for Michael Liberty.

Timothy H. Norton, Kelly, Remmel & Zimmerman, Portland, ME, for Robert V. Shotwell.

Roger Clement, Gayle H. Allen, Verrill & Dana, Portland, ME, for Andrew Gilman and Sean Marsh.

## MEMORANDUM OF DECISION AND ORDER DISMISSING MOTION TO WITHDRAW REFERENCE

GENE CARTER, District Judge.

On February 21, 2002, Defendants Kerry J. Dale, Andrew Gilman, Sean Marsh, and Heather D. Blease (collectively "Defendants") filed, pursuant to 28 U.S.C. § 157(d), a motion to withdraw the reference of the above-captioned adversary proceeding to this Court from the United States Bankruptcy Court for the District of Maine. *See* Docket No. 1B. Plaintiff, the Official Committee of Unsecured Creditors (the "Committee"), has brought claims against Defendants[1] in an Adversary Proceeding in bankruptcy court for: (1) alleged breach of fiduciary duty (Count I) and (2) negligence and breach of fiduciary duty (Count II). Defendants contend that Plaintiff's claims against them are noncore state law causes of action, and Defendants have not consented to the bankruptcy court's entry of final orders on these claims. Plaintiff opposes Defendants' Motion to withdraw the reference

(Docket No. 3) because they contend that their Complaint alleges core claims, and because other factors warranting withdrawal are not present.

### Jurisdiction

■ The district court has jurisdiction over bankruptcy actions under 28 U.S.C. § 1334(b). Title 28 U.S.C. § 157(a) permits referral to the bankruptcy court, and by local standing order dated July 11, 1984, all cases and civil proceedings arising under Title 11 filed in this district are automatically referred to the bankruptcy judges for the District of Maine. Bankruptcy courts "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ... and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Section 157(d) permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Withdrawal from the bankruptcy court is an exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal [is] essential to preserve a higher interest." *Gray v. Solvay Polymers, Inc. (In re Dooley Plastic Co., Inc.),* 182 B.R. 73, 80–81 (D.Mass.1994) (internal citation omitted) (quoting *United States v. Kaplan,* 146 B.R. 500, 502–03 (D.Mass.1992)); *see also In re Ponce Marine Farm, Inc.,* 172 B.R. 722, 724 (D.P.R.1994) (mandatory withdrawal of reference from bankruptcy court necessitated only when noncode is-

---

1. Plaintiff's Complaint was filed against eight defendants, each of whom Plaintiff alleges is a member of the Debtor's board of directors. In addition to the four Defendants who have brought the instant Motion, remaining defendants are: Thomas N. Tureen, Elizabeth Reuthe, Robert V. Shotwell, and Michael Lib-

erty. Defendant Elizabeth Reuthe has filed a letter stating that she has no objection to this motion. *See* Docket No. 2. Defendants Tureen, Shotwell and Liberty have filed no position with respect to the motion to withdraw the reference.

sues dominate bankruptcy issues or resolution of adversary proceeding involves substantial and material consideration of nonbankruptcy federal statutes).

■■■ The moving party bears the burden of demonstrating cause for discretionary withdrawal of the reference. *See Kaplan*, 146 B.R. at 503; *In re Larry's Apartment*, 210 B.R. 469, 472 (D.Ariz. 1997). Cause for withdrawal of the reference exists when the following factors balance in favor of the district court adjudicating the proceeding:

> Factors affecting a discretionary withdrawal pursuant to § 157(d) include: judicial economy; whether withdrawal would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested.

*In re Larry's Apartment*, 210 B.R. at 474 (citing cases, *inter alia*, *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985)); *see also In re Ponce Marine Farm, Inc.*, 172 B.R. at 725 n. 3 ("The First Circuit has not yet addressed the "cause" requirement. Nevertheless, most courts facing the issue have adopted the above enumerated factors articulated by the Fifth Circuit in *Holland America*."). In determining judicial economy, courts weigh the preponderance of "core" versus "noncore" claims. *See generally Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101–02 (2d Cir.1993), *cert. dismissed*, 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). "[B]ecause bankruptcy courts cannot conduct jury trials on non-core matters, withdrawal is mandated if a litigant is entitled to a jury trial on such matters." *In re Larry's Apartment*, 210 B.R. at 472 (citing *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451

(9th Cir.1990)). However, "[w]here a defendant has made a claim on the estate, the defendant has submitted to the process of allowance and disallowance of claims adjudicable by the bankruptcy court." *In re Larry's Apartment*, 210 B.R. at 473; *see also, Langenkamp v. Culp*, 498 U.S. 42, 43–45, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Until a determination of the core/noncore nature of the claims is made by the bankruptcy court, the factors affecting withdrawal cannot properly be analyzed and, therefore, this Court will remand the case to the bankruptcy court for further proceedings, including preliminary determinations providing the basis for the bankruptcy court's jurisdiction over this adversarial proceeding.

## Core Proceedings

The bankruptcy court should determine, in the first instance, whether it has jurisdiction over this adversarial proceeding, either in part or in its entirety. The Bankruptcy Code provides: "The bankruptcy judge shall determine . . . whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3). Core proceedings include, *inter alia*, matters concerning the administration of the estate; allowance or disallowance of claims against the estate, and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. 28 U.S.C. § 157(b)(2)(A) & (O). "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). The Supreme Court, in *Katchen v. Landy*, illustrated this concept:

So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control.

*Katchen v. Landy,* 382 U.S. 323, 337, 86 S.Ct. 467, 477, 15 L.Ed.2d 391 (1966) (quoting *Barton v. Barbour,* 14 Otto 126, 133–34, 104 U.S. 126, 133–34, 26 L.Ed. 672 (1881)); *see also, In re Arnold Print Works, Inc.,* 815 F.2d 165, 169 (1st Cir. 1987); *In re Atlas Fire Apparatus, Inc.,* 56 B.R. 927, 935 (Bankr.E.D.N.C.1986).

■ The parties dispute whether or not Plaintiff's claims are core, and resolution of this issue is necessary before a determination can be made on Defendants' Motion to Withdraw the Reference. Defendants argue that Plaintiff's claims are noncore, state law claims that do not arise under Title 11, and that the bankruptcy court lacks jurisdiction to decide these claims. Plaintiff contends that its claims are core, and further argues that withdrawal is inappropriate because: (1) Defendants have not demanded a jury trial, (2) half of the named Defendants have filed proofs of claim, and (3) judicial efficiency would be frustrated by withdrawal. The bankruptcy court is the appropriate tribunal for deciding the core/noncore status of claims. *See Hatzel & Buehler, Inc. v. Central Hudson Gas & Electric Corp.,* 106 B.R. 367 (D.Del.1989) (motion to withdraw reference denied as premature because neither party had asked bankruptcy court to determine whether proceeding was core or noncore); *Mellon v. Delaware & Hudson Railway Co. (In the Matter of Delaware & Hudson Railway Co.)* 122 B.R. 887 (D.Del. 1991) (district court reaffirmed principle

that bankruptcy court must make determination of whether proceedings are core or noncore before withdrawal of reference is presented to district court, nevertheless district court decided that some claims were core and that judicial economy did not mandate withdrawal of the core proceeding).

■ The bankruptcy court can exercise core jurisdiction over a proceeding when a party's claims against another party are the equivalent of counterclaims against an entity that has filed a claim against the estate pursuant to 28 U.S.C.A. § 157(b)(2)(C). *See, e.g., In re Caldor, Inc.–NY,* 217 B.R. 121, 128 (Bankr. S.D.N.Y.1998). Additionally, the bankruptcy court retains limited jurisdiction over claims that are sufficiently "related to" the bankruptcy case.

A bankruptcy judge may hear a proceeding that is not core but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1); *see generally, Kaplan,* 146 B.R. 500. These matters are also most appropriately decided by the bankruptcy court in the first instance. Defendants state, "Debtor's bankruptcy case cannot finally be administered until the Adversary Proceeding is concluded." Defendants' Motion at 7. Because the determination of whether a proceeding falls within the bankruptcy court's core jurisdiction is necessary to determining a motion for withdrawal of the reference, this Court

will remand the case to the bankruptcy court for such a determination.

### Conclusion

The Court finds that Defendants have failed to carry their burden of establishing cause for withdrawal of the reference at this time. Until the bankruptcy court determines the core/noncore nature of the claims, this Court cannot determine whether factors favoring withdrawal are sufficiently present to warrant such a course of action. Accordingly, it is **ORDERED** that Defendants' Motion to Withdraw the Reference to the Bankruptcy Court (Docket No. 1B) be, and it is, hereby, **DISMISSED WITHOUT PREJUDICE.** The Court **FURTHER ORDERS** that the case be **REMANDED** to the bankruptcy court for determination of whether any claims have preserved, noncore status and such other proceedings as the bankruptcy court shall find to be appropriate.