**Balzotti v. RAD Investments**          CV-01-289-B    02/09/02

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Anthony F. Balzotti, et al.**

    **v.**                                          Civil No. 01-289-B
                                                  Opinion No. 2002 DNH 041
**RAD Investments, et al.**


### MEMORANDUM AND ORDER

On April 2, 1999, Shepherds Hill Development Co., L.L.C. (the "Debtor"), filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Hampshire. Plaintiffs -- majority membership interest holders in the Debtor and the Chapter 11 trustee -- later commenced this action as an adversary proceeding in the bankruptcy court. Their complaint seeks damages from defendants Robert Dianni and RAD Investments, L.L.C., arising out of, inter alia, defendants' alleged breach of a post-petition purchase and sale agreement. Defendants failed to answer the complaint and the bankruptcy court entered a default judgment against them. After defendants moved to set aside the default judgment, the court became concerned that it

lacked subject matter jurisdiction.  Briefing and argument did not resolve the court's concerns and it ultimately dismissed the proceeding on jurisdictional grounds.  Plaintiffs appeal.  For the reasons set forth below, I vacate and remand for further proceedings.

## I.  <u>APPLICABLE JURISDICTIONAL PRINCIPLES</u>

A bankruptcy court's jurisdiction to hear adversarial proceedings is governed by 28 U.S.C. §§ 1334 and 157.  Section 1334 provides that district courts shall have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Section 157(a) gives district courts the power to refer such proceedings to bankruptcy judges within their districts.  28 U.S.C. § 157(a).  This court has issued a standing order referring all such cases and proceedings to the bankruptcy court.  <u>See</u> Local Rule 77.4, United States District Court for the District of New Hampshire.

Section 157 divides the matters over which the bankruptcy court has jurisdiction into core and non-core proceedings.

Section 157(b)(2) grants bankruptcy judges the power to hear and determine "all cases under title 11, and all core proceedings arising under title 11 or arising in a case under title 11." 28 U.S.C. § 157(b)(2). The section also provides a non-exclusive list of matters that qualify as core proceedings. See id. A bankruptcy court's factual findings in core proceedings are subject to clear error review while its legal determinations are reviewed de novo. See Briden v. Foley, 776 F.2d 379, 381 (1st Cir. 1985).

Non-core proceedings are matters that do not qualify as core proceedings but that are "otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). "Related to" jurisdiction encompasses both "causes of action owned by the debtor . . . and suits between third parties which have an effect on the bankruptcy estate." Celotex v. Edwards, 514 U.S. 300, 308 n.5 (1995). The most common test for assessing "related to" jurisdiction asks whether the proceeding under examination "could conceivably have any effect on the estate" Id. at 308 n.6 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)); see also In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st

Cir. 1991) (applying the Pacor formulation).[1]  In the absence of

consent by all parties to be bound by the bankruptcy court's

determinations in such "related" proceedings, the court may only

recommend findings of fact and conclusions of law, subject to de

novo review by the district court.  In Re Arnold Print Works, 815

F.2d 165, 167 (1st Cir. 1987).

I review a bankruptcy court's jurisdictional rulings de

novo.  See In Re G.I. Industries, Inc., 204 F.3d 1276, 1279 (9th

Cir. 2000).


## II.  BACKGROUND

As previously noted, the Debtor filed for bankruptcy on

April 2, 1999.  The Debtor valued its principal asset, Shepherds

Hill, a 400-unit, residential development located in Hudson, New

Hampshire, at $7,500,000.00, but admitted to liabilities in the

---

[1]  While I am obliged to apply the Pacor formulation by
binding First Circuit precedent, I note that the wisdom and
efficacy of some of its marginal applications is the source of an
interesting scholarly debate.  Compare Ralph Brubaker, On the
Nature of Federal Bankruptcy Jurisdiction:  A General Statutory
and Constitutional Theory, 41 Wm. & Mary L. Rev. 743 (2000) with
Susan Block-Lieb, The Case Against Supplemental Bankruptcy
Jurisdiction:  A Constitutional, Statutory, and Political
Analysis, 62 Fordham L. Rev. 721 (1994).

amount of $7,200,915.00.  At the time of the Chapter 11 filing, plaintiffs Anthony Balzotti, Dawn Balzotti, Michael Balzotti, Thomas Iarrobino, and Ann Burgess (collectively, the "Members") held majority membership interests in the Debtor.

After making the bankruptcy filing, the Debtor and several of the plaintiffs attempted to find investors who would purchase either the project or the Members' interests in the Debtor.  On December 3, 1999, the Balzottis, Iarrobino, Burgess, and other members of the Debtor filed a motion to dismiss the bankruptcy proceeding because they had found a buyer for the project and their membership interests.  The Members provided the bankruptcy court with a copy of the purchase and sale agreement (the "Agreement"), signed by themselves and defendant Robert Dianni, the managing member of defendant RAD Investments, L.L.C.  The Agreement, which provided for both payment in full to the Debtor's unsecured creditors and payment to the Members for their membership interests, was explicitly conditioned on the dismissal of the bankruptcy petition.  The Agreement ultimately collapsed, however, allegedly because defendants failed to transfer the funds required to pay the creditors and thereby obtain dismissal of the Chapter 11 proceeding.  Because the Members lacked the

money necessary to pay the creditors' claims, the court denied the motion to dismiss.

On February 22, 2000, the court appointed Edmond Ford as a Chapter 11 trustee. After agreements with several potential buyers fell through, the court approved a liquidation plan ("confirmed Plan") on July 21, 2000. The confirmed Plan gave each class of creditors the right to participate in any net recovery in this adversary proceeding, which the Members and the chapter 11 trustee had initiated several weeks earlier.

In their complaint commencing the adversary proceeding, the Members sought $19,000,000 in damages for breach of a post-petition purchase and sale agreement, negligent misrepresentation and detrimental reliance, violation of the New Hampshire Unfair Business Practices Act, and violation of the common law covenants of good faith and fair dealing. The trustee, to whom plaintiffs have assigned the first $200,000 of any damages they recover in the proceeding, was named as a plaintiff, but only with respect to the breach of contract count. Plaintiffs claimed that the bankruptcy court had subject matter jurisdiction over the proceeding because it consisted of non-core claims that were "related to" the bankruptcy case.

The defendants failed to answer the complaint and, as a result, the bankruptcy court entered a default judgment against them. Defendants subsequently appeared and moved to set aside the judgment. The court then became concerned about its jurisdiction and asked the parties to submit briefs addressing the issue.

Plaintiffs offered two arguments to support their contention that the adversary proceeding was within the court's "related to" jurisdiction.[2] First, they argued that the proceeding was "related to" the bankruptcy case because the members had assigned the first $200,000 of any net recovery from the proceeding to the trustee. Alternatively, Plaintiffs argued that the court had jurisdiction because the trustee was a third-party beneficiary of the contract on which the proceeding was based.

In a pair of written orders, the bankruptcy court rejected

---

[2] Plaintiffs alternatively claimed in their bankruptcy court brief that the court had jurisdiction because one or more of their claims were within either the court's "arising under" or "arising in" jurisdiction. See 28 U.S.C. § 1334 (b). Plaintiffs did not attempt to develop this argument in the bankruptcy court, the bankruptcy court did not consider the argument, and plaintiffs have made only a passing reference to the argument in this court. Accordingly, I decline to consider this difficult issue.

both arguments. The court's initial order focused on the effect of the assignment and the provision in the confirmed Plan requiring plaintiffs to pay the estate's creditors with any funds obtained from defendants. Emphasizing that bankruptcy courts are courts of limited jurisdiction, the court concluded that contractual arrangements of the sort at issue here cannot create bankruptcy jurisdiction because, "[i]f [reorganization] plan proponents could use such methods to create jurisdiction in the bankruptcy courts where it would not otherwise exist, jurisdiction over any case or controversy could be created . . . ." In re Shepherds Hill Devel. Co., LLC, Bk. No. 99-11087-JMD, Adv. Proc. No. 00-1087, at 7 (Bankr. D.N.H. May 15, 2001) (memorandum and order).

The court's second order, which responded to plaintiffs' motion that it reconsider its ruling on the ground that the court has jurisdiction because the Debtor is a third-party beneficiary of the Agreement, concluded that (1) the Debtor is not, in fact, a third-party beneficiary, and (2) even if it were, that fact would not be sufficient to bring the proceeding within the limited jurisdiction of the bankruptcy court. Plaintiffs challenge these rulings in this appeal.

-8-

## III.  **DISCUSSION**

Notwithstanding the bankruptcy court's thoughtful opinions to the contrary, I agree with the plaintiffs that the Members' assignment to the trustee of the first $200,000 of any net proceeds obtained from the proceeding to the trustee gives the bankruptcy estate a sufficient stake in the outcome of the proceeding to bring the plaintiffs' claims within the scope of the court's "related to" jurisdiction.  My reasoning is simply stated.  I begin by noting that "[a]ny interest in property that the estate acquires after the commencement of [the Chapter 11] case" is property of the estate.  11 U.S.C. § 541(a)(7).  The $200,000 assignment therefore plainly qualifies as property of the estate.  Moreover, the resolution of the adversary proceeding will affect the bankruptcy estate by determining how much, if anything, the trustee will be able to recover on the assignment.  Since the court's "related to" jurisdiction has been interpreted to cover proceedings commenced by either the debtor or a third party which could have an effect on the estate, see, e.g., Celotex, 514 U.S. at 308 nn. 5, 6, the assignment alone is sufficient to give the court jurisdiction over the plaintiffs'

-9-

claims.[3]

The bankruptcy court rejected plaintiffs' argument that the assignment gave the court jurisdiction because it was concerned that post-petition assignments could be misused to manufacture jurisdiction in the bankruptcy court. This concern, however, cannot justify a categorical rule preventing the court from basing its jurisdiction on such assignments. Instead, a court must carefully examine any post-petition assignment and the circumstances surrounding its issuance to determine whether the assignment will have a sufficient impact on the estate to bring the case within the scope of the court's "related to" jurisdiction and, if so, whether the assignment nevertheless violates 28 U.S.C. § 1359, the collusive joinder statute. Here, the court determined that the trustee obtained the assignment by offering the members valuable concessions concerning the timing of the hearing on the confirmed Plan. See In re Shepherds Hill Devel. Co., LLC, Bk. No. 99-11087-JMD, Adv. Proc. No. 00-1087, at

_____

[3] It is unclear from the complaint whether the trustee is suing in his capacity as an assignee or as a third-party beneficiary. As the trustee's status as a party is not determinative of the bankruptcy court's jurisdiction, I express no view as to whether the trustee is entitled to maintain his claim in either capacity.

-10-

4 n.4. Moreover, the court did not identify any countervailing evidence suggesting that the Members granted the assignment in an effort to manufacture jurisdiction in the bankruptcy court. Because the record will not support a conclusion that the assignment was collusively made or given, the bankruptcy court could not disregard the assignment in determining its jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the United States Bankruptcy Court for the District of New Hampshire has subject matter jurisdiction over the adversary proceeding. Accordingly, I vacate the dismissal order and remand for further proceedings consistent with this opinion.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 9, 2002

cc: Clerk, USBC-NH
    David Chenelle, Esq.
    William S. Gannon, Esq.
    Norman Novinsky, Esq.
    Geraldine Karonis

-11-