In re JACKSON BROOK INSTITUTE, INC., Debtor.

In re Viburnum, Inc., Debtor.

Executive Risk Indemnity, Inc., Plaintiffs,

v.

Gary Brooks, Defendant.

Bankruptcy Nos. 98–20439–JAG, 99–20106–JAG.
No. 02–CV–27–P–C.
Adversary No. 02–2009.

United States District Court, D. Maine.

July 31, 2002.

Robert J. Keach, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Executive Risk Indemnity, Inc., plaintiffs.

Stephen G. Morrell, Eaton, Peabody, Bradford, & Veague, P.A., Brunswick, ME, for Gary Brooks, defendant.

Jonathan R. Doolittle, Verrill & Dana, Portland, ME, for Speltz Consulting, LLC, intervenor–defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO WITHDRAW REFERENCE

GENE CARTER, District Judge.

On November 26, 1997, Executive Risk Indemnity, Inc. ("Executive Risk"), issued an insurance policy providing coverage to, *inter alia,* members of Jackson Brook Institute ("JBI")'s Board of Directors.[1] On March 27, 1998, JBI filed for bankruptcy and retained Allomet Partners, Ltd. ("Allomet") as a management consultant, whose employee, Gary Brooks ("Brooks"), served as interim CEO of JBI from March 27, 1998 to June 8, 1998. Pursuant to the confirmed plan of reorganization, the JBI Trustee became successor in interest to JBI. On May 14, 1999, the JBI Trustee filed suit in bankruptcy court against Allomet and Brooks, in his capacity as a Director of JBI, alleging intentional misrepresentation, breach of fiduciary duty, breach of duty under the bankruptcy code, and various other tort and contract claims (the "liability action"). *See* Adversary Proceeding No. 99–2026. A compromise settlement agreement of these claims (the "Settlement") was reached between the JBI Trustee, Brooks, and Allomet on November 7, 2001, and it was approved finally by the bankruptcy court on December 7, 2001. The terms of the Settlement included a Judgment against Brooks and Allomet, jointly and severally, for $725,000, and unconditional assignment of Brooks's indemnity claims against insurers to the JBI Trustee.[2] *See* JBI Trustee's Reply In

---

1. Executive Risk does not dispute that it "issued a Directors, Officers and Trustees Liability Insurance Including Healthcare Organization Reimbursement Policy to Community Care Systems, Inc., the parent corporation to [JBI], policy No. 751–085533–97, with a policy period of November 26, 1997 to November 26, 1998 ... (the 'Policy,') [and that a]s an interim CEO of JBI ..., [Gary] Brooks is an 'Insured' under the Policy." Response of Executive Risk Indemnity Inc. to Motion of JBI Trustee to Intervene and For Leave To File

Accompanying Objection to Plaintiff's Motion To Withdraw Reference (Docket No. 9) at 2.

2. The Settlement authorized Judgment against Brooks and Brooks' employer, Allomet but Executive Risk does not seek declaratory relief against Allomet because it is not an insured under the Policy. Docket No. 3 at 2, n. 2.

Although the Settlement determined liability and included an assignment of Brooks's

Support Of Motion To Intervene And For Leave To File Accompanying Objection To Plaintiff's Motion To Withdraw Reference (Docket No. 10), Ex. B, Order Approving Compromise Regarding Adversary Proceeding 99–2026, at 5–6.

Executive Risk, who was not a party to the liability action, nevertheless opposed the Settlement. On December 6, 2001, after 4:00 pm, the eve of the bankruptcy court's approval of the Settlement, Executive Risk filed a declaratory judgment action against Brooks in this Court, seeking a determination of the scope of coverage, if any, afforded to Brooks under the Policy in connection with the underlying liability action. *See* Opposition Of Executive Risk Indemnity, Inc. To Defendant Gary Brooks' Motion To Dismiss (Docket No. 3) at 7. On January 2, 2002, Brooks removed the declaratory judgment action to bankruptcy court and filed a motion to dismiss it, asserting that he is not the real party in interest. On January 16, 2002, the JBI Trustee filed a suit against Executive Risk to enforce its liability Judgment in bankruptcy court pursuant to the Maine Reach and Apply Statute, 24–A M.R.S.A. § 2904 (the "reach and apply action").

On January 22, 2002, pursuant to 28 U.S.C. § 157(d), Executive Risk filed the instant motion to withdraw the reference of the declaratory judgment action to bankruptcy court. On January 30, 2002, the JBI Trustee filed in the bankruptcy court a motion to intervene in the declaratory judgment action. On January 31, 2002, the bankruptcy court stayed all proceedings related to the matter pending resolution of the motion for withdrawal of the reference. On February 4, 2002, the JBI Trustee filed with this Court a motion to intervene in the declaratory judgment

action and for leave to file an objection to Plaintiff's motion to withdraw the reference. *See* Docket No. 6.

## Discussion

The district court has jurisdiction over bankruptcy actions under 28 U.S.C. § 1334(b). Pursuant to Title 28 U.S.C. § 157(a) and local standing order, all cases and civil proceedings arising under Title 11 filed in this district are referred to the bankruptcy court for the District of Maine. Bankruptcy courts "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ... and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Additionally, the bankruptcy court retains limited jurisdiction over claims that are sufficiently "related to" the bankruptcy case.

A bankruptcy judge may hear a proceeding that is not core but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1); *see generally, United States v. Kaplan,* 146 B.R. 500 (D.Mass. 1992). The common inquiry for assessing "related to" jurisdiction "asks whether the proceeding under examination 'could conceivably have any effect on the estate.' " *Balzotti v. RAD Investments,* 273 B.R. 327, 329 (D.N.H.2002) citing *Celotex Cor-*

claims for indemnity, it did not resolve specific insurance coverage issues under the Executive Risk Policy. *See* Docket No. 10, Ex. B.

*poration v. Edwards,* 514 U.S. 300, 308 n. 6, 115 S.Ct. 1493, 1499 n. 5, 131 L.Ed.2d 403 (1995).

■ Nevertheless, Section 157(d) permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Withdrawal from the Bankruptcy Courts is an exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal [is] essential to preserve a higher interest." *In re Dooley Plastic Co., Inc.,* 182 B.R. 73, 80–81 (D.Mass.1994) (internal citations omitted) (quoting *Kaplan,* 146 B.R. at 502–03). Withdrawal is mandatory if substantial consideration of nonbankruptcy federal statutes is required or "if a litigant is entitled to a jury trial on [noncore] matters." *In re Larry's Apartment,* 210 B.R. 469, 472 (D.Ariz.1997) (citing *In re Cinematronics, Inc.,* 916 F.2d 1444, 1451 (9th Cir.1990)); *see generally, Langenkamp v. Culp,* 498 U.S. 42, 43–45, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

■ On a motion for discretionary withdrawal of the reference, pursuant to § 157(d), the moving party bears the burden of demonstrating cause. *See Kaplan,* 146 B.R. at 503; *In re Larry's Apartment,* 210 B.R. at 472. Cause for withdrawal of the reference exists when factors, such as the following, balance in favor of the district court adjudicating the proceeding: "judicial economy; whether withdrawal

would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested." *In re Larry's Apartment,* 210 B.R. at 474 (citing cases, *inter alia, Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)); *see also Ponce Marine Farm, Inc. v. Browner,* 172 B.R. 722, 725 n. 3 (D.P.R.1994) ("The First Circuit has not yet addressed the 'cause' requirement. Nevertheless, most courts facing the issue have adopted the above enumerated factors articulated by the Fifth Circuit in *Holland America*"); *see also, Dooley Plastic,* 182 B.R. at 81; *Kaplan,* 146 B.R. at 504. Pursuant to 28 U.S.C. § 157(d), the Court will analyze whether discretionary withdrawal of the reference is warranted in this case.

### Judicial Economy

■ In determining judicial economy, courts weigh the preponderance of "core" versus "noncore" claims.[3] *See Orion Pictures Corp. v. Showtime Networks, Inc.,* 4 F.3d 1095, 1101 (2d Cir.1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). The Bankruptcy Code defines core proceedings to include, *inter alia,* matters concerning the administration of the estate; orders to turn over property of the estate; and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. 28 U.S.C. § 157(b)(2)(A), (E), and (O). "A determination that a proceeding is not a core proceeding shall

---

**3.** Although the determination of the "core" versus "noncore" nature of the reach and apply action, is properly left to the bankruptcy court in the first instance, *see* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine ... whether a proceeding is a core

proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11"), this Court must at least make a preliminary determination in order to decide this motion to withdraw the reference.

not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). The declaratory judgment action itself does not arise under the bankruptcy code, however, the instant action was filed within the framework of ongoing bankruptcy proceedings, and the Court must address it in that context. The underlying liability action, in which the bankruptcy court issued an order approving settlement, arises, in part, under the bankruptcy code. In addition, the reach and apply action, which has been filed against Plaintiff in bankruptcy court, is within the bankruptcy court's jurisdiction. *See* Discussion, *infra*. Plaintiff concedes that the liability action underlies this declaratory judgment action, and Plaintiff contends that the Settlement, the subject of the reach and apply action, is "dependent . . . upon a [particular insurance] coverage outcome. . . ." Docket No. 9 at 2.

Plaintiff alleges that the bankruptcy court lacks subject matter jurisdiction over the instant declaratory judgment action because it does not "arise under" or "relate to" Chapter 11, and it does not involve administrative matters in the post-confirmation JBI bankruptcy case. Motion to Withdraw Reference (Docket No. 1) at 2. Defendant Brooks responds that the reach and apply action to enforce the bankruptcy court's order approving the Settlement of the Chapter 11 liability action is properly within the bankruptcy court's core jurisdiction because, although brought pursuant to Maine law, it seeks to liquidate a claim for the benefit of estate creditors.[4] *See* Defendant Gary Brooks' Objection To Plain-

tiff's Motion To Withdraw Directed Reference (Docket No. 5) at 2. Brooks further contends that a declaratory judgment action interpreting the scope of the Policy's coverage is in essence a defense to the reach and apply action currently pending in bankruptcy court.[5] Executive Risk admits that Brooks is an "Insured" under the Policy at issue in the reach and apply action, *see* Docket No. 9 at 2 n. 3, but it denies that Brooks irrevocably assigned to the JBI Trustee his rights and/or claims under the applicable insurance policy. Executive Risk also insists that the merits of the reach and apply action are not currently before this court. This Court concludes that the declaratory judgment action may properly be viewed as a defense to the reach and apply action, rendering the bankruptcy court's jurisdiction over that matter a relevant inquiry.

### Bankruptcy Court Jurisdiction Over Reach and Apply Action

Brooks argues that the bankruptcy court has jurisdiction over a trustee's attempt to liquidate a judgment for the benefit of creditors. *See Ralls v. Docktor Pet Centers, Inc.*, 177 B.R. 420, 425 (D.Mass. 1995) (quoting *In re Arnold Print Works, Inc.*, 815 F.2d 165, 168 (1st Cir.1987)) (holding that a suit brought in bankruptcy court by a debtor-in-possession to recover on debts that arose while in bankruptcy and as part of the debtor's efforts to liquidate its assets is a "core" proceeding under § 157(b)(2)(A) and § 157(b)(2)(O)); *see also, Balzotti*, 273 B.R. at 331 (holding that a trustee, acting as either an assignee or a

---

4. Brooks argues that the underlying liability action concerned property acquired after the commencement of the case pursuant to 11 U.S.C. § 541(a)(7) and that proceeds of the adversary proceeding were property of the estate under 11 U.S.C. § 541(a)(6) as of the time that the adversary proceeding was commenced. Docket No. 5 at 2.

5. Brooks also argues that Executive Risk's action filed in this Court, which names Brooks rather than the Trustee, whom Brooks and the JBI Trustee both claim is now the party in interest, does not defeat or alter the Bankruptcy court's jurisdiction over claims acquired by the estate by way of assignment.

third-party beneficiary to the proceeds of an adversarial proceeding, post-petition claim for judgment has a sufficient stake in the outcome of the proceeding to come within the scope of the bankruptcy court's "related to" jurisdiction because " '[a]ny interest in property that the estate acquires after the commencement of [the Chapter 11] case' is property of the estate. 11 U.S.C. § 541(a)(7)"). The Court of Appeals for the First Circuit has held that a debtor's liability policies are also assets or property of the estate entitled to the protection of the bankruptcy laws. *See Tringali v. Hathaway Machinery Company, Inc.*, 796 F.2d 553, 560 (1st Cir.1986) ("The language of § 541(a)(1) is broad enough to cover an interest in liability insurance, namely, the debtor's right to have the insurance company pay money to satisfy one kind of debt—debts accrued through, for example, the insured's negligent behavior"). Plaintiff argues against bankruptcy jurisdiction over the reach and apply action. Regardless of whether the reach and apply action is determined to be "core" or "noncore," this Court finds that the declaratory judgment action is sufficiently connected to the underlying reach and apply proceeding such that judicial economy principles weigh in favor of their adjudication in the same forum.

■■■■ Furthermore, the bankruptcy court has jurisdiction to enforce its prior judgment. The United States Supreme Court has observed that bankruptcy courts have the ability to enforce prior orders and " 'secure or preserve the fruits and advantages of a judgment or decree rendered therein.... The proceeding being ancillary and dependent, the jurisdiction of the court follows that of the original cause....' " *Paris Manufacturing Corporation v. Ace Hardware Corporation*, 132 B.R. 504, 508 (D.Me.1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 239, 54

S.Ct. 695, 697, 78 L.Ed. 1230 (1934)); *see also, In Re White Motor Credit Corp.*, 75 B.R. 944, 947 (Bankr.N.D.Ohio 1987) (The bankruptcy court "is empowered to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.' 11 U.S.C. § 105(a). Included, is authority to interpret and clarify prior orders"). Enforcement of a judgment under Maine's "reach and apply" statute is permitted in the bankruptcy court by Rule 7069, which incorporates Fed.R.Civ.P. 69, providing for the enforcement of money judgments obtained in federal courts using the "practice and procedure of the state in which the district court is held...." Fed.R.Civ.P. 69(a); *see also U.S.I. Properties v. M.D. Construction*, 230 F.3d 489, 496 (1st Cir. 2000) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)) ("enforcement jurisdiction" under Rule 69 is "necessary 'to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees' "); *see also,* 11 U.S.C. § 105(a). Bankruptcy courts "have the power to enforce their own judgments." *Matter of Burstein–Applebee Co.*, 63 B.R. 1011, 1023 (Bankr. W.D.Mo.1986). A federal court may exercise ancillary jurisdiction to enforce its judgment over third-parties who admit the presence of an account to be garnished. *See Skevofilax v. Quigley*, 810 F.2d 378, 385 and 390 (3d Cir.), *cert. denied, Township of Edison, New Jersey v. Skevofilax*, 481 U.S. 1029, 107 S.Ct. 1956, 95 L.Ed.2d 528 (1987).

The bankruptcy court issued a Judgment against Brooks in a Chapter 11 proceeding, which included an assignment of Brooks' claims against insurers. The JBI Trustee now seeks to reach and apply that judgment against Executive Risk pursuant to state law. 24–A M.R.S.A. § 2904. The Maine reach and apply statute affords a

judgment creditor, here the JBI Trustee, entitlement to have insurance money applied to the satisfaction of its judgment, and the statute also affords insurance companies, such as Executive Risk, the opportunity to defend against claims for coverage. *See* 24-A M.R.S.A. § 2904; *Amoco Oil Co. v. Dingwell,* 690 F.Supp. 78 (D.Me. 1988) (disallowing intervention by insurer in action for consent judgment holding that insurer could adequately defend against suit in reach and apply action or declaratory judgment action); *see also, Mellon v. Delaware & Hudson Railway Co.,* 122 B.R. 887, 895 (D.Del.1991), (holding that claims for retrieval of assets by the trustee seeking the turnover of property of the estate went to the heart of a bankruptcy case, and were core proceedings: "Despite the fact that pursuant to the bankruptcy code the bankruptcy court may use state law to resolve such matters, the Court is persuaded that the contemplated proceedings, by their nature, arose strictly from the instant bankruptcy and therefore must be considered 'core' proceedings under 28 U.S.C. § 157.") The bankruptcy court will necessarily consider coverage defenses in adjudicating the Trustee's attempt to enforce the Judgment against Executive Risk. Notions of judicial economy, therefore, weigh against withdrawal of the reference of the declaratory judgment action at this time.

### Additional Factors Affecting Discretionary Withdrawal

Executive Risk has admitted that its' declaratory judgment action is connected to the underlying reach and apply proceeding, and this Court concludes that the two matters are factually and legally intertwined. Because enforcement of the bankruptcy court's Order Affirming the Settlement Agreement, *i.e.,* the reach and apply action, is currently pending with the bankruptcy court, it would be judicially inefficient for this Court to adjudicate Executive Risk's relative rights under the policy, which is the mirror issue before the bankruptcy court. Nor would this Court addressing what amounts to Executive Risk's defenses to that judgment conserve debtor or creditor resources. To the contrary, such a bifurcated resolution of these issues would likely decrease uniformity of the bankruptcy administration and encourage forum shopping. The Court notes that Executive Risk, being well aware of the bankruptcy court's pending approval of the Settlement of the liability action, chose to file its action for declaratory relief with this Court. The Court concludes that withdrawal of the reference of the declaratory judgment action in the context of this longstanding bankruptcy case, with whose facts the bankruptcy judge is infinitely more familiar, would waste resources and would not expedite the bankruptcy process, particularly where the bankruptcy court has stayed all proceedings in this matter pending resolution of the motion for withdrawal. Finally, no right to a jury trial has been asserted by Executive Risk.

The resolution of the adversary proceeding seeking to enforce the judgment against Brooks, including Brooks' claim against Executive (whether properly assigned to the JBI Trustee or not), will significantly impact, if not entirely dispose of, the controversy underlying the declaratory judgment action. *See, e.g., Mellon,* 122 B.R. at 897 (quoting *In re Wedtech Corp.,* 94 B.R. 293, 297 (S.D.N.Y.1988) (denying withdrawal of the reference where the bankruptcy judge's "expressed familiarity with the present action, as well as the factual overlap with the numerous cases before [her], present a unique and compelling opportunity to promote judicial economy and swift resolution")); *see also Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403. The Court concludes that Plaintiff has failed to

demonstrate cause for withdrawal of the reference.

Because the Court will deny Plaintiff's notion for withdrawal of the reference, the Court will also dismiss, as moot, JBI Trustee's motion to intervene.[6] The Court will remand this case for further proceedings consistent with this opinion, which may include the bankruptcy court issuing proposed findings of fact and conclusions of law in the event that the bankruptcy court determines that it does not have final jurisdiction over some matter before it.

### Conclusion

The Court finds that Defendants have failed to carry their burden of establishing cause for withdrawal of the reference. Accordingly, it is **ORDERED** that Defendants' Motion to Withdraw the Reference to the Bankruptcy Court (Docket No. 1) be, and it is, hereby, **DENIED.** The Court **FURTHER ORDERS** that Plaintiff Executive Risk's Motion for Oral Argument (Docket No. 2) be, and it is, hereby, **DENIED.** The Court **FURTHER ORDERS** that JBI Trustee's Motion To Intervene And For Leave To File Objection To Plaintiff's Motion To Withdraw Reference (Docket No. 6) is, hereby, **DISMISSED WITHOUT PREJUDICE.**

---

**6.** The Court notes that the JBI Trustee has also filed with the bankruptcy court a motion to intervene in this matter and a motion to consolidate this action, Adv.Proc. 02–2009, with the reach and apply action, Adv.Proc. 02–2008. *See* Bankruptcy Court Order, (Docket No. 4) at 1–2. Neither Brooks nor Executive Risk opposed the JBI Trustee's motion to intervene, however, the Court's disposition of this motion renders the Trustee's motion moot.